UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

16-mc-1184(KBJ)

IN RE: AIR CRASH OVER THE SOUTHERN
INDIAN OCEAN, ON MARCH 8, 2014

FILED
JUN 0 2 2016
MDL No. 2712

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

TRANSFER ORDER

**Before the Panel:**[*] Defendants Malaysia Airlines Berhad and Malaysian Airline System Berhad (collectively, Malaysia Airlines) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. This litigation consists of eight actions pending in the Central District of California, the District of District of Columbia, the Northern District of Illinois, and the Southern District of New York, as listed on Schedule A. The Panel also has been notified of thirty-two related actions pending in the Northern District of Illinois.[1]

Defendant The Boeing Company (Boeing) supports centralization in the Northern District of Illinois. Plaintiffs in the Central District of California *Zhang* action, the District of District of Columbia *Smith* action, and the Southern District of New York *Huang* action support centralization in the District of District of Columbia. Plaintiffs in the District of District of Columbia *Wood* and *Gaspard* actions oppose centralization, but alternatively suggest the District of District of Columbia as the transferee court should we centralize this litigation. Plaintiff in the Northern District of Illinois *Ganguli* action also opposes centralization, but alternatively supports the Northern District of Illinois as the transferee court for this litigation. Finally, plaintiff in the Southern District of New York *Ries* action opposes inclusion of that action in any centralized proceeding.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from the March 8, 2014 disappearance and presumed loss of Malaysia Airlines Flight MH370 during a flight from Kuala Lumpur, Malaysia to Beijing, China. Centralization under Section 1407 will eliminate duplicative discovery, particularly with respect to potential international discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The opposing plaintiffs assert three principal arguments against centralization. First, they argue that their actions will involve unique, plaintiff-specific issues such that centralization would

---

[*] Judges Lewis A. Kaplan and Catherine D. Perry took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

not enhance either convenience or efficiency. Plaintiffs' arguments, though, suffer from a myopic focus on the anticipated jurisdictional and venue issues in these actions. All of the actions will involve similar, if not identical, factual inquiries regarding the cause or causes of the loss of Flight MH370, and all the plaintiffs seek to recover damages for the resulting wrongful deaths of their decedents. That some of the actions may involve different defendants or different threshold jurisdictional or successor liability inquiries is of no moment. As we have often observed, Section 1407 does not require a complete identity or even a majority of common questions of fact to justify transfer, and the presence of additional or differing legal theories is not significant when, as here, the actions arise from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008).

Second, plaintiffs contend that the only truly disputed merits issue in this litigation will be plaintiffs' damages. More specifically, they assert that Malaysia Airlines has admitted that MH370 was lost in an "accident" and, because the aircraft has yet to be found, Malaysia Airlines cannot contest liability for wrongful death under the Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (the Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000). Plaintiffs are, to some extent, asking the Panel to pre-judge the merits of these actions—something we are neither authorized nor inclined to do. *See In re Kauffman Mutual Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations."). Furthermore, this litigation consists of more than claims against Malaysia Airlines under the Montreal Convention. Plaintiffs in thirty-three related actions assert products liability claims against Boeing, the manufacturer of the aircraft. Those actions necessarily will involve litigation of the circumstances surrounding the loss of MH370, not just plaintiffs' damages. Indeed, we note that several of the plaintiffs who have filed actions against Malaysia Airlines seeking recovery under the Montreal Convention have also filed separate actions against Boeing seeking recovery under products liability theories. Centralization of these actions seeking recovery from different defendants for the same alleged injury will prevent inconsistent pretrial rulings and potentially duplicative discovery.

Finally, the opposing plaintiffs insist that alternatives to centralization, such as informal coordination of discovery by the parties and the involved courts, are preferable to centralization. We do not agree. There are now forty related actions pending in four district courts, which involve claims on behalf of the estates of more than eighty decedents.[2] Given the number of actions and that they arise from the same accident, centralization under Section 1407 is more suitable than informal coordination for this litigation.

---

[2] Flight MH370 was carrying 239 passengers and crew when it disappeared. Thus, it is possible that more actions will be filed on behalf of other decedents, further complicating the task of coordinating these actions outside a multidistrict litigation.

-3-

The District of District of Columbia is an appropriate transferee district. Three of the actions are pending in this district, which is supported by plaintiffs in five actions. The District of District of Columbia offers a convenient and accessible forum for the parties and witnesses. Centralization in this district also allows us to assign this litigation to the Honorable Ketanji Brown Jackson, an able and experienced jurist who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Ketanji Brown Jackson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Ellen Segal Huvelle    R. David Proctor

IN RE: AIR CRASH OVER THE SOUTHERN
INDIAN OCEAN, ON MARCH 8, 2014                    MDL No. 2712

## SCHEDULE A

<u>Central District of California</u>

ZHANG, ET AL. v. MALAYSIA AIRLINES BERHAD, ET AL., C.A. No. 2:16-01549

<u>District of District of Columbia</u>

WOOD v. MALAYSIA AIRLINES BERHAD, ET AL., C.A. No. 1:16-00053
GASPARD v. MALAYSIA AIRLINES BERHAD, ET AL., C.A. No. 1:16-00419
SMITH v. MALAYSIA AIRLINES BERHAD, ET AL., C.A. No. 1:16-00439

<u>Northern District of Illinois</u>

GANGULI v. MALAYSIA AIRLINES BERHAD, ET AL., C.A. No. 1:15-11832

<u>Southern District of New York</u>

RIES v. MALAYSIAN AIRLINE SYSTEM BERHAD, C.A. No. 1:16-00690
HUANG, ET AL. v. MALAYSIA AIRLINES BERHAD, ET AL., C.A. No. 1:16-00890
KANAN, ET AL. v. MALAYSIA AIRLINES SYSTEM BERHAD, ET AL.,
    C.A. No. 1:16-01728