**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON MARCH 8, 2014 | MDL Docket No:  2712 |
| This Document Relates To:<br><br>ALL CASES | Misc. No. 16-1184 (KBJ) |

**PROPOSED SCHEDULING ORDER AND CASE MANAGEMENT PLAN**

Pursuant to the Initial Practice & Procedure Order [ECF 3] issued by the Court on June 14, 2016, the parties have met, conferred, and sought consensus regarding a proposed Scheduling Order and Case Management Plan to facilitate the just, speedy, and inexpensive determination of all pretrial matters.  In compliance with the Initial Practice & Procedure Order, in particular paragraph 19, the parties make this joint submission to the Court.  The order of presentation below will be Defendants' positions or suggestions followed by Plaintiffs' positions or suggestions because, in large part, Plaintiffs' positions are in response to proposals made by Defendants:

    a.   <u>Whether the Court should appoint lead counsel for the plaintiffs and/or a steering committee</u>:

<u>DEFENDANTS</u>:    Defendants Malaysian Airline System Berhad (Administrator Appointed)("MAS"), Malaysia Airline System Berhad ("MAB"), Allianz Global & Corporate Specialty SE ("AGCS SE"), Henning Haagen ("Haagen") and The Boeing

Company ("Boeing") all note that there are a limited number of plaintiffs' counsel involved, but take no position on the organization among plaintiffs other than to suggest that plaintiffs' responses to defendants' motions applicable to all cases should be coordinated and filed in joint submissions where appropriate to avoid repetition of arguments.

PLAINTIFFS:   Because, as described more fully below, the various Plaintiffs raise different legal claims against a variety of different defendants, the Plaintiffs do not believe that this case warrants or would benefit from the appointment of a steering committee or lead counsel.

b. <u>Whether there is a realistic possibility of settling the case without judicial action</u>.

DEFENDANTS:   All defendants believe that these cases—involving a Malaysian airline accident in the Indian Ocean—are properly dismissed for several reasons including *forum non conveniens*.   There is no realistic possibility of settlement without judicial determination of whether the cases may remain in the United States.

Defendant Malaysian Airline System Berhad (Administrator Appointed) replies to Plaintiffs contentions below noting:

- 87 passenger claims have been settled by MAS without litigation.

- Other settlements have not been achieved for several reasons, including:

  o The demands are unreasonable and/or they are based on presumed U.S. jurisdiction and U.S. law which is in dispute.

- o In other cases, incomplete information has been provided or no demand has been made.

- Contrary to Plaintiffs' assertions, liability has been put at issue in this matter.

PLAINTIFFS:   The Plaintiffs and MAS have engaged in protracted settlement negotiations over the better part of the last twenty-seven months. During that time, MAS repeatedly asked the Plaintiffs to provide enormous amounts of documentation in support of the Plaintiffs' damages claims. The Plaintiffs, believing always that this case—a case in which there is no question that MAS is liable under the Montreal Convention—would and should resolve itself out of court, provided MAS with everything it requested. All told, the Plaintiffs have turned over thousands of pages of free, pre-litigation discovery in the hopes of entering into good faith settlement discussions. In the end, however, MAS refused to make offers that even began reasonably to approximate the tremendous losses the Plaintiffs have suffered as a result of the disappearance of Flight MH370, and, as a consequence, the Plaintiffs were forced to commence this litigation before the expiration of the statute of limitations. Nevertheless, the Plaintiffs remain, as before, willing to engage in open, good faith negotiations to resolve all of the cases flowing from the disappearance of Flight MH370.

c. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADR:

<u>DEFENDANTS</u>:  All defendants believe that there would be no benefit from ADR before a determination of whether the cases may remain in the United States for the reasons stated above under paragraph b.

<u>PLAINTIFFS</u>:  As described in paragraph b., *supra*, the Plaintiffs do believe that all of the MH370 cases should be resolved. As the Court is no doubt aware, MAS has admitted that Flight MH370 resulted in an "accident" within the meaning of the Montreal Convention, which, in essence, is an admission of liability under that treaty. The only real remaining question in this case, therefore, is the amount of the damages—that is, how much MAS  is willing to pay the Plaintiffs for the violent, tragic deaths of their loved ones: husbands who lost wives; wives who lost husbands; parents who lost children; children who lost parents. Although MAS has repeatedly told the media and the public that it is sorry for the losses the Plaintiffs have suffered and that it intends to pay "full and fair" compensation to the Plaintiffs for their damages, MAS's miniscule offers in this case belie its public statements. Nevertheless, the Plaintiffs continue to believe that these cases can and should be resolved amicably. Therefore, the Plaintiffs would ask the Court to order the parties to participate in ADR.

d.   <u>The possibility of filing a consolidated amended complaint</u>:

<u>DEFENDANTS</u>:  Defendants take no position as to whether a consolidated complaint is possible, except to note that at present the complaints allege widely divergent and conflicting theories of liability regarding either the airline and/or the manufacturer.  Even

if a consolidated complaint were possible, defendants do not believe it is necessary until after the threshold determination of whether the cases may remain in the United States.

PLAINTIFFS:   The Plaintiffs do not believe that a consolidated amended complaint would be possible or helpful in this case. As mentioned, there is little consistency amongst the various complaints with respect to a number of fundamental and salient issues. For example, some of the Plaintiffs have sued only Boeing; others have sued Boeing and the Malaysian Defendants (MAS and MAB); a third group of Plaintiffs has sued only the Malaysian Defendants; and a fourth group has named, in addition to the aforementioned Defendants, Allianz and one of its corporate officers. The various complaints also raise different legal claims. So, for instance, some of the complaints are brought under the Foreign Sovereign Immunities Act ("FSIA") and the Montreal Convention; some are brought under Illinois' Wrongful Death Act; and others, including the claims against Allianz, raise allegations of common law negligence in addition to claims under the FSIA and the Montreal Convention. For these reasons, the Plaintiffs agree with the Defendants that a consolidated amended complaint would not aid the resolution of the issues in this case.

That said, the Plaintiffs represented by Motley Rice will be filing a consolidated amended complaint with respect to their cases only and have repeatedly advised counsel for MAS and MAB that they would do so at any time for convenience. Counsel for MAS and MAB have not responded. Similarly, those Plaintiffs represented by Podhurst Orseck who sued Boeing will likewise be filing an amended consolidated complaint with respect to their claims against Boeing only.

e. <u>Dates for defendants to file responsive pleadings (consolidated or otherwise) and/or Rule 12 motions.</u>

<u>DEFENDANTS</u>:  Defendants intend to file the following motions:

1.  MAS, MAB and Boeing will file a Motion to Dismiss on the Ground of *Forum Non Conveniens*;

2.  MAS and MAB intend to file Motions to Dismiss for Lack of Jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq;*

3.  MAS and MAB also intend to file Motions to Dismiss for Lack of Jurisdiction under the Montreal Convention;

4.  AGCS SE intends to file a Motion to Dismiss for Lack of Personal Jurisdiction;

5.  AGCS SE and Haagen intend to file a Motion to Dismiss for failure to state a cause of action in attempting to pursue AGCS SE and Haagen, one of its employees, in a direct action against a reinsurer by third parties;

6.  Certain plaintiffs appear to lack capacity to have commenced suit and appropriate motions to dismiss will be filed.

7.  MAS, MAB and Boeing suggest that the Court should address *forum non conveniens* and AGCS SE and Haagen request that the issue of personal jurisdiction and failure to state a claim be taken up as threshold issues, only reaching the remaining jurisdictional and capacity issues if these cases are not dismissed on the ground of *forum non conveniens*.  *See*, *e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007).

8.  An agreed briefing schedule is set forth below following Plaintiffs' separate comments.

9.  Defendants do not object to Plaintiffs' request to file separate responses to the *forum non conveniens* motion to the extent there is no duplication of arguments, but do not agree with Plaintiffs' objection to consolidation.

PLAINTIFFS:   Pursuant to paragraph 1 of the Court's Initial Practice and Procedure Order, ECF 3, all of the Plaintiffs (except for the Plaintiffs represented by Motley Rice, who do not object to consolidation) hereby advise the Court that they object to consolidation of these cases. As the Plaintiffs have explained above, and as they describe more fully below, these cases raise different issues and are not easily susceptible of consolidation. For this reason, the Plaintiffs request that they be permitted to respond separately to the motions to dismiss the Defendants intend to file.

PARTIES' AGREED BRIEFING SCHEDULE:

The following schedule is agreed to by the parties:

1.  October 1, 2016: Defendants' motions, identified above, due.

2.  January 19, 2016: Plaintiffs' responses due.

3.  March 6, 2016: Defendants' replies due.

f.   Whether some or all of the factual or legal issues can be agreed upon or narrowed:

DEFENDANTS:   Defendants believe that the parties should be able to agree to the availability and adequacy of the High Court of Malaysia as an alternative forum since (1) nearly every plaintiff already has a case pending there against MAS, MAB, and other Malaysian governmental entities and persons and (2) an alternative forum is only foreclosed if the "remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all," *Nemariam v. Fed. Democratic Republic of Ethiopia*, 315 F.3d 390, 395 (D.C. Cir. 2003) (internal quotation omitted), which is plainly not the case in Malaysia.   Defendants also believe that the parties should be able to agree that MAS and MAB are agencies or instrumentalities of a foreign state as defined under 28 U.S.C. § 1603 of the FSIA.

PLAINTIFFS:   The Plaintiffs appreciate the Defendants' invitation to address the availability and adequacy of the Malaysian High Court. However, the Plaintiffs do not believe that this Case Management Order is the appropriate forum in which to engage in that debate. The Plaintiffs hereby reserve the right to address this issue in their responses to the Defendants' forthcoming FNC motions. The Plaintiffs represented by Motley Rice also dispute the Defendants' mis-characterization of their actions against Allianz and Haagen. Article 32 of the Montreal Convention specifically allows an action against "the estate" where the liable party is dead. By act of Malaysia Law 765, MAS and all of its assets cease to exist.

g.  <u>Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and if not, what changes should be made in the scope, form or timing of those disclosures</u>:

<u>PARTIES' AGREEMENT</u>:

Plaintiffs and Defendants agree that Rule 26(a)(1) disclosures should be made, but that such disclosures shall be limited to the issues that are the subjects of the motions to be filed on October 1, 2016.   Plaintiffs and Defendants will make their respective disclosures by or on August 18, 2016.

h.  <u>Whether discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation</u>:

<u>DEFENDANTS</u>:  Defendants suggest that discovery be managed in phases.  In the initial phase, the focus should be on the threshold determination of *forum non conveniens*, jurisdiction and AGCS SE/Haagen motions, and all merits discovery should be stayed until these threshold issues are resolved.  Only if litigation remains in the United States, then damages and liability discovery can proceed concurrently.

<u>PLAINTIFFS</u>:  The Plaintiffs believe that this case can be managed most efficiently in three tracks:

In the first track, we propose including only the seven Plaintiffs who have sued only the Malaysian Defendants under the Montreal Convention.[1]   Four of these seven were American domiciliaries who purchased their tickets in the United States; the remaining three, though not American, purchased their tickets from travel agencies in the United States. Because of the unique jurisdictional paradigm created by the Montreal Convention, the jurisdictional discovery in these cases will be directed towards discrete issues involving (1) whether the decedents were, in fact, American, (2) whether the decedents, in fact, purchased their tickets in the United States, and (3) a number of related questions that, under the Convention, are relevant only to these six cases. *See* Montreal Convention, Art. 33(2).

These cases will also proceed along different lines—and implicate differing legal standards—on the merits. Pursuant to Article 17 of the Montreal Convention, the air carriers—in this case, the Defendants—are "liable for damage sustained in the case of death or bodily injury to a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." The U.S. Supreme Court has defined the term "accident" in this context as any "unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985). The Defendants have thus far not disputed the seemingly self-evident proposition that the disappearance of Flight MH370 was an "unexpected or unusual event." Indeed, far from contesting this

---

[1] *Wood v. Malaysia Airlines Berhad, et al.*, C.A. No.:  1:16-cv-00053 (D.D.C.); *Gaspard v. Malaysia Airlines Berhad, et al.*, C.A.  No.: 1:16-cv-00419 (D.D.C) (three Plaintiffs); *Ganguli v. Malaysia Airlines Berhad, et al.*, C.A. No.:1:15-11832 (N.D. Ill) (two Plaintiffs); and *Ries v. Malaysian Airlines System Berhad, et al.*, C.A. No.: 16-00690 (S.D.N.Y). Of course, the *Wood* and *Gaspard* Plaintiffs have also sued Boeing in separate complaints. Those separate complaints would be included in Track Two (the Boeing Track), rather than in Track One.

point, on January 29, 2015, the Defendants, through the Director General of Malaysia's Department of Civil Aviation, conceded that Flight MH370 resulted in an "accident" that killed all 239 people onboard. And, in fact, MAS, in the Answers it has filed so far to some of the pending complaints, has likewise admitted that Flight MH370 resulted in an "accident" within the meaning of the Montreal Convention.

This admission is extremely significant because, by conceding that an air "accident" occurred on an international flight between two countries—Malaysia and China—that are both signatories to the Montreal Convention, the Defendants have, in essence, admitted liability in the case. This is true because, under Article 21(1) of the Montreal Convention, once the plaintiff proves that an "accident" occurred on an international flight between two "States Parties," liability for the plaintiff's injuries or death is absolute, that is, it is premised on strict liability, up to 113,000 Special Drawing Rights ("SDR").[2] In addition, pursuant to Article 21(2) of the Convention, the air carrier is liable to the plaintiff for all personal injury or wrongful death damages exceeding 113,000 SDR unless the air carrier can prove that (1) the injuries and death were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (2) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party. Because Flight MH370 has never been found, the Malaysian Defendants will have no way of satisfying their burden to prove either of the exceptions to liability set forth in Article 21(2) of the Montreal Convention.

As a practical matter, then, the only remaining merits issue in these seven cases is the question of damages. To the extent that liability will play, at most, only a very minor role in the resolution of these cases, the Plaintiffs believe that these seven Plaintiffs

---

[2] Approximately $159,000.

should move along an expedited track. This is significant because four of these seven involve Plaintiffs who have also sued Boeing. If these four plaintiffs were to receive full damages from the Malaysian Defendants under the Montreal Convention, they will likely dismiss their complaints against Boeing, thereby saving the Court and the parties from having to litigate those Plaintiffs' cases twice—yet another reason to allow these seven Plaintiffs to proceed along a separate and expedited track.

The proposed second track should include those Plaintiffs who have sued only Boeing.[3] Although this track includes some 32 plaintiffs, they are represented by only two law firms, Podhurst Orseck, P.A., and the Wisner Law Firm. As a result, coordination of discovery and other matters in this track should be relatively straightforward. Unlike the cases against the Malaysian Defendants, the Boeing cases will involve questions of product design and liability. Moreover, these cases implicate decisions made and executed by Boeing in the State of Washington. As a result, and

---

[3] *Weeks, et al. v. The Boeing Co.*, C.A. No.: 1:16-03540 (N.D. Ill); *Kanan v. The Boeing Co.*, C.A. No.: 1:16-04113 (N. D. Ill); *Gaspard v. The Boeing Company*, C.A. No. 1:16−04146 (N.D. Ill.) ; *Gaspard v. The Boeing Co.*, C.A. No. 1:16−04148 (N.D. Ill.);  *Gaspard v. The Boeing Co.*, C.A. No. 1: 16−04149 (N.D. Ill.); *Wood v. The Boeing Co.*, C.A. No. 1: 6−04154 (N.D. Ill.) ; *Jia v. The Boeing Co.*, C.A. No. 1: 16−04463 (N.D. III); *Wang v. Boeing Co.*, C.A. No. 1: 16−04464 (N.D. Ill.); *Hu v. The Boeing Co.*, C.A. No. 1: 16−04465 (N.D. Ill.); *Shirsath v. The Boeing Co.*, C.A. No. 1: 16−04467 (N.D. Ill.); *Gao v. The Boeing Co.*, C.A. No. 1: 16−04468 (N.D. Ill.); *Xiao v. Boeing Co.*, The, C.A. No. 1: 16−04471 (N.D. Ill.); *Li v. The Boeing Co.*, C.A. No. 1: 16−04473 (N.D. Ill.); *Kolekar v. The Boeing Co.*, C.A. No. 1: 16−04474 (N.D. Ill.); *Zhang v. The Boeing Co.*, C.A. No. 1: 16−04476 (N.D. Ill.); *Liang v. The Boeing Co.*, C.A. No. 1: 16−04499 (N.D. Ill.); *Kolekar v. The Boeing Co.*, C.A. No. 1: 16−04500 (N.D. Ill.); *Li v. Boeing Co.*, C.A. No. 1: 16−04502 (N.D. Ill.); *Zhang v. The Boeing Co.*, C.A. No. 1: 16−04503 (N.D. Ill.); *Santhanam v. The Boeing Co.*, C.A. No. 1: 16−04506 (N.D. Ill.); *Feng v. The Boeing Co.*, C.A. No. 1: 16−04509 (N.D. Ill.); *Han v. The Boeing Co.*, C.A. No. 1: 16−04511 (N.D. Ill.); *Wang v. The Boeing Co.*, C.A. No. 1: 16−04512 (N.D. Ill.) ; Tian v. The Boeing Company, C.A. No. 1: 16−04514 (N.D. Ill.); *Zhou v. The Boeing Co.*, C.A. No. 1: 16−04542 (N.D. Ill.); *Kokekar v. The Boeing Co.*, C.A. No. 1: 16−04543 (N.D. Ill.); *Yuan v. The Boeing Co.*, C.A. No. 1: 16−04546 (N.D. Ill.); *Pang v. The Boeing Co.*, C.A. No. 1: 16−04550 (N.D. Ill.); *Chen v. The Boeing Co.*, C.A. No. 1:16−04551 (N.D. Ill.); *Wang v. The Boeing Co.*, C.A. No. 1: 16−04555 (N.D. Ill.); *Huang v. The Boeing Co.*, C.A. No. 1: 16−04559 (N.D. Ill.); *Hu v. The Boeing Co.*, C.A. No. 1: 16−04563 (N.D. Ill.).

because Flight MH370 has never been found, all of the evidence relevant to a determination of the issues in these cases will be found, not in Malaysia, but in the United States—a fact that, in many ways, makes this track of cases very different from the cases in the proposed third track. Lastly, unlike the Montreal Convention cases, these Boeing cases will require jury trials and, as a consequence, will involve more protracted discovery and extended litigation. For all of these reasons, the Plaintiffs believe that the Boeing cases should proceed along a second and separate track.

The proposed third track would involve the cases filed by Motley Rice and Spagnoletti & Co. against the Malaysian Defendants, Boeing, Allianz, and an officer of Allianz. The Motley Rice Plaintiffs believe their Boeing claims should be included in the Boeing track. These cases raise different issues than the cases in the first two tracks; they concern allegations of common law negligence and bad faith, as well as claims under the FSIA and the Montreal Convention. These cases make claims against at least two defendants—Allianz and the officer—that are not named in any of the other cases, except one. As a result, other Plaintiffs, other than Motley Rice, believe that these cases should proceed along a third and independent track.

i.  The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, request for admission, and deposition:

DEFENDANTS:  Defendants propose that discovery on the threshold issues of *forum non conveniens,* jurisdiction and AGCS SE/Haagen motions be limited to the time frame set

forth in agreed briefing schedule set for in Paragraph e, above.  Only if litigation remains in the United States, should merits discovery proceed.  That discovery, including expert disclosures and depositions, is likely to take 18 to 24 months.  A protective order on sensitive commercial information and/or trade secrets will likely be required by defendants.

PLAINTIFFS:  Plaintiffs agree that discovery on the threshold issues of *forum non conveniens,* jurisdiction and AGCS SE/Haagen motions should be limited to the time frame set forth in agreed briefing schedule set for in Paragraph e, above.

The Plaintiffs believe that the merits discovery for the cases in proposed Tracks Two and Three, defined in Section h., *supra*, would likely take 18 months. However, the Plaintiffs believe that the merits discovery for the seven Plaintiffs in the proposed Track One can be completed in as little as 12 months.

j.   Whether a magistrate judge or special master should be appointed pursuant to Federal Rule of Civil Procedure 53 to oversee discovery and to resolve discovery disputes:

PARTIES' AGREEMENT:

Plaintiffs and Defendants agree that a magistrate or special master is not needed at this time to oversee the limited discovery on *forum non conveniens* and jurisdictional issues.

k.   Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

<u>DEFENDANTS</u>:   Defendants believe that issues relating to the production of electronically stored information can be resolved by agreement between the parties for discovery relating to the initial threshold issues.  If the litigation remains in the United States, this subject can be revisited at that time.

<u>PLAINTIFFS</u>:  The Plaintiffs respectfully request that the Defendants make their initial disclosures as required by Fed R. Civ. P. 26(a)(1). Subsequent to that, the Plaintiffs respectfully request the opportunity to conduct discovery as to all of the issues raised by the Defendants' motions to dismiss. This discovery will, of course, involve ESI, and the Plaintiffs look forward to working with the Defendants to manage, in the most efficient but thorough way possible, the disclosure of all relevant ESI.

l.   <u>Any issues relating to claims of privilege or of protection as trial-preparation material, including, if the parties agree on a procedure to assert such claims after production, whether to ask the Court to include their agreement in an order</u>:

<u>PARTIES' AGREEMENT</u>:

Plaintiffs and Defendants agree that it would be appropriate for the parties to stipulate to reserve the right to object to and recall materials produced/disclosed based on claims of privilege or trial-preparation materials, and any such stipulation should be included in an order by the court under Federal Rule of Evidence 502.

m. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur:

DEFENDANTS:  If this litigation proceeds in the United States, defendants suggest that all parties should comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure to help identify/narrow the issues for trial.

PLAINTIFFS:  The Plaintiffs do not believe that the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified. The Plaintiffs agree that the Court can issue an order setting forth the schedule for expert depositions after the Defendants' motions to dismiss are resolved.

n. Whether parties are likely to file post-discovery dispositive motion and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies:

DEFENDANTS:   If this litigation proceeds in the United States, post-discovery dispositive or partially dispositive motions are likely.  However, a schedule for the filing of such motions and/or cross-motions, oppositions and replies should await resolution of the threshold issues of *forum non conveniens* or jurisdiction.

PLAINTIFFS:   The Plaintiffs agree that post-discovery motions are likely. As an example, the Plaintiffs in Proposed Track One will likely file a motion seeking summary judgment against the Malaysian Defendants on the question of liability. The Plaintiffs

agree that the Court can issue an order setting forth the schedule for these post-discovery motions at some point after the Defendants' motions to dismiss are resolved.

o.   A suggested day and time for monthly status conferences with the Court:

DEFENDANTS:   If the Court can accommodate the following days/time, defendants propose that status conferences should be scheduled as needed, and should occur on Tuesday, Wednesday or Thursday at 10:00 a.m., to permit counsel travelling from Chicago and Seattle to arrive the evening before and return travel following the status conference.

PLAINTIFFS:   Assuming this schedule works for the Court, the Plaintiffs would propose the first Tuesday of every month at 10 a.m. The Plaintiffs would also request that the Court permit counsel to appear at these hearings by telephone.

p.   Such other matters the parties believe may be appropriate for inclusion in the Scheduling Order and Case Management Plan:

DEFENDANTS:   At present defendants do not see a need for additional inclusions in a preliminary Scheduling Order on *forum non conveniens* and jurisdictional issues.  Should such issues emerge at the initial case management conference, defendants will bring them to the Court's attention.

PLAINTIFFS:  The Plaintiffs reserve the right to supplement this Response prior to the Scheduling Conference and to raise additional items at the hearing.

q.  Suggestions for additional items to be included on the agenda for the Initial Scheduling and Case Management Conference:

DEFENDANTS:  Defendants' Suggested Additional Items:

1.  Boeing is not a proper party to *Zhang, et al. v. Malaysia Airlines Berhad, et al.*, Case No. 16-cv-01048, originally filed in the Central District of California as Case No. 2:16-cv-01549.  Plaintiffs attempted to add Boeing as a defendant in a Second Amended Complaint filed without leave of court or the other parties' written consent.  Plaintiffs also have never served Boeing and the time limit for effective service in Fed. R. Civ. P. 4(m) has expired.  There is no general or specific personal jurisdiction over Boeing in California as Boeing's headquarters and state of incorporation are elsewhere, and there is no substantial connection between plaintiffs' claims and Boeing's activities in California.  *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014); *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014).  Whether plaintiffs wish to proceed properly with a claim against Boeing and how that could be accomplished after the MDL transfer, or whether plaintiffs do not wish to proceed against Boeing, should be discussed at the conference.

2.  Plaintiffs in several cases, *Zhang, et al. v. Malaysia Airlines Berhad, et al.*, Case No. 16-cv-01048; *Smith v. Malaysia Airlines Berhad, et al.*, Case No. 1:16-cv-00439; *Huang v. Malaysia Airlines Berhad, et al.*, Case No. 1:16-cv-01063 and *Kanan v. Malaysia Airlines System Berhad, et al.*, Case No. 1:16-cv-01062 have

sued Allianz Global Corporate & Specialty SE (a Societas Europaea, organized as a public company registered in accordance with the corporate laws of the European Union) and one of their employees, alleging that as the insurer of MAS that they can be made the involuntary representatives of MAS by direct action, notwithstanding that: (1) there is no personal jurisdiction over AGCS SE in the United States; (2) AGCS SE is a reinsurer; (3) there are no allegations of wrongdoing of any kind by AGCS SE or Haagen; (4) plaintiffs are strangers to the contract of reinsurance; and, even if AGCS SE were an insurer, (4) there is no direct action against an insurer under the laws of New York, Washington D.C., California or Malaysia. Whether plaintiffs wish to proceed with these claims against AGCS SE and Haagen or whether plaintiffs do not wish to proceed against AGCS SE and Haagen, should be discussed at the conference.

Defendants also wish to bring the following matters to the court's attention, but do not believe they require discussion:

3. MAS and MAB claim immunity from suit in the courts of the United States and of the States under the Foreign Sovereign Immunities Act, 28 U.S.C. 1602 *et seq.* Even if jurisdiction is found under 28 U.S.C. § 1605, MAS and MAB are still entitled to a non-jury trial and other protections of the FSIA.

4. All defendants assert the application of the statutory framework of the Death on the High Seas Act ("DOHSA"), 46 U.S.C.A. §§ 30301 *et seq.,* which entitles the defendants to a non-jury trial and other limitations on plaintiffs' claims.


PLAINTIFFS: Plaintiffs' Suggested Additional Items:

1. The Defendants have made a number of legal arguments . The Plaintiffs do not concede the veracity of those arguments and reserve the right to address them either by motion or at the Scheduling Conference.

2. The *Zhang* Plaintiffs also note that Defendants claim the time for leave of court to amend or service of Boeing has expired. Plaintiffs respectfully remind the defendants and point out to the court that in four pleadings filed by defendants with the concurrence of plaintiffs, and adopted by 3 federal courts, Defendants agreed as follows <u>before</u> the expiration of those deadlines: "stay all litigations, deadlines and proceedings in this action… all codefendants consent..." The Zhang Plaintiffs are ready to immediately file their consolidated complaint including against Boeing, but given the stay sought by defendants and the consolidation before this honorable court respectfully will await the further orders and scheduling of this honorable court.

Dated:  July 13, 2016                                    Respectfully submitted,

| | |
|---|---|
|  /s Telly Andrews<br>Telly Andrews<br>Kaplan, Massamillo & Andrews, LLC<br>200 W. Madison Street, 16th Floor<br>Chicago, IL 60606<br>Tel:  (312) 345-3000<br>Fax:  (312) 345-3119<br>tandews@kmalawfirm.com<br><br>Counsel for Defendant Malaysian Airline System Berhad (Administrator Appointed), Malaysia Airlines Berhad, Allianz Global Corporate & Specialty SE and Henning Haagen | /s Mack H. Shultz<br>Mack H. Shultz<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Tel:  (206) 359-8000<br>Fax: (206) 359-7724<br>MShultz@perkinscoie.com<br><br>Counsel for Defendant The Boeing Company |

/s Steven C. Marks
Steven C. Marks
Podhurst Orseck P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel:  (305) 358-2800
Fax: (305) 358-2382
smarks@podhurst.com

Counsel for Plaintiffs in: 1:16-cv-00053-KBJ - Wood v. Malaysia Airlines Berhad, et al; 1:16-cv-00419-KBJ - Gaspard v. Malaysia Airlines Berhad, et al; 1:16-cv-01128-KBJ - Li v. The Boeing Company; 1:16-cv-01129-KBJ - Xiao v. The Boeing Company; 1:16-cv-01130-KBJ - Gao v. The Boeing Co.; 1:16-cv-01131-KBJ - Feng v. The Boeing Co.; 1:16-cv-01132-KBJ - Wang v. The Boeing Company; 1:16-cv-01134-KBJ - Wang v. The Boeing Company; 1:16-cv-01135-KBJ - Pang v. The Boeing Company; 1:16-cv-01136-KBJ - Liang v. The Boeing Company; 1:16-cv-01137-KBJ - Hu v. The Boeing Co.; 1:16-cv-01138-KBJ - Zhou v. The Boeing Company; 1:16-cv-01139-KBJ - Hu v. The Boeing Company; 1:16-cv-01140-KBJ - Wang v. Boeing Company; 1:16-cv-01143-KBJ - Kolekar v. The Boeing Company; 1:16-cv-01144-KBJ - Tian v. Boeing Company; 1:16-cv-01145-KBJ - Li v. The Boeing Company; 1:16-cv-01146-KBJ - Shirath v. The Boeing Company; 1:16-cv-01147-KBJ -Jia v. The Boeing Company; 1:16-cv-01148-KBJ - Gaspard v. The Boeing Company; 1:16-cv-01149-KBJ - Wood v. The Boeing Company; 1:16-cv-01151-KBJ - Santhanam v. The Boeing Company; 1:16-cv-01152-KBJ - Huang v. The Boeing Company; 1:16-cv-01161-KBJ -Han v. The Boeing Company; 1:16-cv-01164-KBJ - Zhang v. The Boeing Company; 1:16-cv-01165-KBJ - Chen v. The Boeing Company; 1:16-cv-01166-KBJ - Kolekar v. The Boeing Company; 1:16-cv-01296-KBJ - Gaspard v. The Boeing Company; 1:16-cv-01299-KBJ - Gaspard v. The Boeing Company; 1:16-cv-01306-KBJ - Zhang v. The Boeing Company; 1:16-cv-01307-KBJ - Yuan v. The Boeing Company.

| | |
|---|---|
| /s Kevin P. Durkin<br>Kevin P. Durkin<br>Clifford Law Offices<br>120 North LaSalle Street, 31st Floor<br>Chicago, IL 60602<br>Tel:  (312) 899-9090<br>Fax:  (312) 251-1160<br>kpd@cliffordlaw.com<br><br>Counsel for Plaintiff Sanjit Ganguli in Case No. 1:16-cv-01047-KBJ. | /s Justin T. Green<br>Justin T. Green<br>Kreindler & Kreindler LLP<br>750 Third Avenue<br>New York, NY 10017-2703<br>Tel:  (212) 973-3403  ·<br>Fax:  (212) 972-9432<br>jgreen@kreindler.com<br><br>Counsel for Plaintiff William Campbell Ries in Case No. 1:16-cv-01061-KBJ. |

| | |
|---|---|
| /s Mary F. Schiavo<br>Mary F. Schiavo<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>Tel:  (843_ 216-9138<br>Fax: (843) 216-9450<br>mschiavo@motleyrice.com<br><br>Counsel for Plaintiffs Elizabeth Smith, Jianguo Zhang, *et al.* and Min Huang *et al.* in Case Nos: 1:16-cv-00439-KBJ; 1:16-cv-01048-KBJ and 1:16-cv-01063. | /s Eric Rhine<br>Eric Rhine<br>Spagnoletti & Co.<br>401 Louisiana Street, 8th Floor<br>Houston, TX 77002-1629<br>Tel:  (713) 653-5600 [main]<br>Fax: (713) 653-5656<br>erhine@spaglaw.com<br><br>Counsel for Plaintiffs Sri Devi Kanan *et al* in Case Nos: 1:16-cv-01062-KBJ and 1:16-cv-01159-KBJ. |
| /s Alexandra M. Wisner<br>Alexandra M. Wisner<br>Wisner Law Firm, P.C.<br>514 W. State St., Suite 200<br>Geneva, IL 60134<br>(630) 262-9434<br>(630) 262-1066<br>awisner@wisner-law.com<br><br>Counsel for Plaintiffs Danica Weeks, *et al*. in Case No. 1:16-cv-01167-KBJ. | |

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned certifies that, on July 13, 2016, pursuant to Fed. R. Civ. P. 5 and LCvR 5.3, a true and correct copy of the foregoing Proposed Scheduling Order and Case Management Plan was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.


        /s/ Telly Andrews
         Telly Andrews