# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON MARCH 8, 2014<br><br>This Document Relates To:<br><br>1:16-cv-00439-KBJ<br>*Smith v. Malaysia Airlines Berhad;*<br>1:16-cv-01048-KBJ<br>*Zhang, et al. v. Malaysia Airlines Berhad;*<br>1:16-cv-01062-KBJ<br>*Kanan, et al. v. Malaysia Airlines System Berhad;*<br>1:16-cv-01063-KBJ<br>*Huang, et al. v. Malaysia Airlines Berhad.* | MDL Docket No: 2712<br><br>Misc. No. 16-1184 (KBJ) |

### DECLARATION OF BRENDAN BAXTER

I, Brendan Baxter, hereby declare the following:

1. I am employed by Allianz Global Corporate & Specialty SE ("AGCS SE") as UK Legal Counsel, located in London, England, United Kingdom and I am authorized to make this declaration on its behalf.

2. I am over the age of twenty-one, of sound mind and otherwise competent to make this Declaration.

3. I have been employed by AGCS SE since 2008.

4. In my capacity as UK Legal Counsel for Allianz Global Corporate & Specialty SE and by inquiry, I have acquired the knowledge and information to make this declaration.

5. AGCS SE is a public company known as a Societas Europaea ("SE") organized and existing under the laws of the European Union pursuant to Council Regulation (EC) No

2157/2001 of 8 October 2001 on the Statute for a European Company (SE), with its registered and principal place of business in Munich, Germany.

6. AGCS SE is an insurance company providing specialty insurance lines, such as marine, aviation and energy, in both the direct and the indirect insurance business.

7. AGCS SE has branch offices in the United Kingdom, France, Austria, Belgium, Denmark, Hong Kong, Italy, Singapore, Spain, Sweden and the Netherlands.

8. AGCS SE was formed when Allianz Global Corporate & Specialty AG, a legal entity existing under the laws of Germany with its registered and principal place of business in Germany, adopted the legal form of a Societas Europaea and merged with its subsidiary Allianz Global Corporate & Specialty (France), effective 11 November 2013.

9. AGCS SE's global gross written premium revenue in 2015 was EUR 4.062 Billion of which only EUR 209 Million or 5.1% is derived from business in the United States. The year in which the air incident described in paragraph 20 occurred, 2014, AGCS SE global gross written premium revenue was EUR 3.588 Billion of which EUR 131 Million or 3.65% was derived from business in the United States.

10. With the exception of Mr. Henning Haagen and seven other executives, and two Allianz Global Risks US Insurance Company Corp ("AGR US," a separate subsidiary of Allianz SE and not of AGCS SE) employees who have separate limited contractual duties pursuant to AGCS SE Board Mandates limited to 10% of their contracted time, AGCS SE has no officers, directors or employees located anywhere in the United States, including California, New York, or the District of Columbia. In 2015 there were only four AGCS SE employees in the United States and one AGR US employee who had separate limited contractual duties pursuant to AGCS SE Board Mandate limited to 10% of his contracted time. In 2014 there was only one

AGCS SE employee in the United States and one AGR US employee who had separate limited contractual duties pursuant to AGCS SE Board Mandate limited to 10% of his contracted time.

11. AGCS SE does not own, lease, or rent any real property anywhere in the United States, including California, New York or the District of Columbia. The AGCS SE staff referred to in paragraph 10 use office space in AGR US offices pursuant to a services agreement.

12. AGCS SE does not maintain any place of business in the United States, including California, New York or the District of Columbia.

13. AGCS SE does not maintain any banking accounts anywhere in the United States, including California, New York, or the District of Columbia. AGCS SE does hold Trust Accounts in the USA, located at BNY Mellon (Pittsburgh, PA) and at Deutsche Bank Trust (NY), which are held only for benefit of one or more beneficiaries.

14. AGCS SE is not authorized, and has never sought to be authorized, to transact business anywhere in the United States, including California, New York, or the District of Columbia.

15. AGCS SE does not hold any licenses issued by the United States or any State within the United States, including California, New York, or the District of Columbia

16. AGCS SE does not maintain a registered agent for service of process in the United States or any State within the United States.

17. AGCS SE is a wholly owned direct subsidiary of Allianz SE which is also a Societas Europaea organized and existing under the laws of the European Union with its registered and principal place of business in Munich, Germany.

18. AGCS SE does not have any ownership interest or operational or managerial control in Allianz Global Risks US Insurance Company Corp. (as above, "AGR US"), Allianz

Underwriting Insurance or AGCS Marine Insurance Company (which are both subsidiaries of AGR US) referred to collectively as Allianz Global Corporate & Specialty North America.

19. Allianz Global Risks US Insurance Company Corp., Allianz Underwriting Insurance and AGCS Marine Insurance Company are subsidiaries of Allianz SE and not subsidiaries of AGCS SE.

20. AGCS SE is not an insurer of Malaysian Airline System Berhad ("MAS") or Malaysia Airlines Berhad ("MAB") for the loss of Malaysia Airlines Flight MH370 on 8 March 2014 ("MH370") and has not issued a policy to MAS or MAB which provides insurance coverage for the MH370 loss.

21. AGCS SE's records show that MAS purchased insurance as set forth in Airline Hull (Including Spares and Equipment) All Risks and Liabilities Insurance, Policy No. CAV-12518149-CI, for the Period 01 December 2013 to 30 November 2014, policy of insurance from Etiqa Insurance Berhad (and possibly other Local Malaysian Companies), which covers the loss of Flight MH370. Etiqa Insurance Berhad ("Etiqa") is an insurance company located in Kuala Lumpur, Malaysia.

22. AGCS SE's records also show that Etiqa then obtained reinsurance of the Etiqa policy issued to MAS covering the period of the MH370 loss through Delima Insurance (Labuan) Limited ("Delima"), another Malaysian insurance company.

23. AGCS SE's records show further that Delima then solicited reinsurance (also described as a retrocession) of its policy of reinsurance issued to Etiqa in connection with its insurance of MAS, as described above, in the international reinsurance markets.

24. AGCS SE, through its United Kingdom Branch, along with a number of other reinsurers, severally agreed to reinsurance (the "Retrocession") of Delima's reinsurance of the Etiqa insurance policy issued to MAS.

25. To the extent that AGCS SE severally participates in the Retrocession of Delima's reinsurance of the Etiqa insurance policy issued to MAS, the Retrocession was underwritten and placed through AGCS SE's United Kingdom Branch.

26. The Retrocession policy was not issued in the United States nor was it issued to a United States citizen or legal entity.

27. The Retrocession was not negotiated or purchased in the United States.

28. The Retrocession does not pertain to a reinsurance claim by Delima that occurred in the United States.

29. Neither AGCS SE nor Mr. Henning Haagen ever agreed to be a legal representative of MAS or MAB to be sued in its stead.

30. All of AGCS SE's records relating to the Retrocession are located in the United Kingdom or Germany.

31. All of AGCS SE's corporate records are located in Germany.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in _London, England_, on _26th_ September 2016