EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON MARCH 8, 2014 |
| This Document Relates To: ALL CASES |

MDL Docket No: 2712

Misc. No. 16-1184 (KBJ)

### DECLARATION OF SARANJIT SINGH SURJIT SINGH

I, SARANJIT SINGH SURJIT SINGH (MALAYSIAN IDENTIFICATION CARD NO.: 680519106867), hereby declare the following:

1.      I am an Advocate & Solicitor of the High Court of Malaya admitted to the Malaysian Bar in 1993 and qualified to practice in the courts of Malaysia.    I am the senior Advocate & Solicitor of Saranjit Singh Advocates & Solicitors, located at Suite 51-3, Block D, Jaya One, No 72A, Jalan Universiti, 46200, Petaling Jaya, Selangor, Malaysia.

2.      I act as the Advocate and Solicitor for defendants Malaysian Airline System Berhad (Administrator Appointed) ("MAS") and Allianz Global Corporate & Specialty SE ("AGCS SE") in all litigation in Malaysia arising from the loss of Malaysia Airlines Flight MH370 on the 8th of March 2014 (the "Accident") which has been commenced in the courts of Malaysia.

3.      This Declaration is based on my personal knowledge of the facts set forth herein or by investigation.    I am authorized to make this Declaration on behalf of MAS and AGCS SE.    I am prepared to testify on non-privileged matters regarding the facts set forth herein if required.

4.      I am over the age of twenty-one, of sound mind and otherwise competent to make this Declaration.

5.     I have been asked by the United States counsel for MAS and AGCS SE to provide this declaration to aid the Court in understanding the scope of litigation arising from the MH370 Accident currently pending before the High Court of Malaya located in Kuala Lumpur, Malaysia, as well as confirming that – with a very few exceptions – wrongful death claims are being pursued in the High Court of Malaya for each of the deceased passengers identified in the operative Complaints transferred to the United States District Court for the District of Columbia.

6.     I attach hereto, as **Exhibit A**, a true and correct spreadsheet listing the deceased passengers identified in the United States complaints and the parallel Malaysian Statement of Claims pending before the High Court of Malaya, Kuala Lumpur.  In **Exhibit A**, the cases are sorted by U.S. counsel and then by decedent to match up the United States cases to their counterpart in the High Court of Malaya.

7.     There are currently a total of twenty-seven civil actions pending in the High Court of Malaya, Kuala Lumpur which include the five cases below related to decedents who are also the subject of the coordinated proceedings in the United States.   All of these cases that were commenced in the High Court of Malaya at Kuala Lumpur were transferred to a single judge, Judge Azizul Azmi Adnan, on the 14th of June 2016 for coordinated proceedings.

8.     I attach hereto true and correct copies of the English language translations of the five Statements of Claim filed in the High Court of Malaya on behalf of the deceased passengers who are also identified in the cases in the United States District Court for the District of Columbia.

- *Wu Siying and 75 others v. Malaysian Airline System Berhad (in Administration), Malaysia Airlines Berhad, Director General, Department of Civil Aviation, Royal Malaysian Air Force, Government of Malaysia,* High Court of Malaya at Kuala Lumpur, Case No. WA-21NCVC-20-03/2016, attached hereto as **Exhibit A-1**;

- *Huang Min and 31 others v. Malaysian Airline System Berhad, Malaysia Airlines Berhad, Allianz Global Corporate and Specialty, Director General of Civil Aviation Malaysia, Department of Civil Aviation Malaysia, Royal Malaysian Air*

*Force, Government of Malaysia*, High Court of Malaya at Kuala Lumpur, Case No. WA-21CVC-43-04/2016, attached hereto as **Exhibit A-2**;

- *Sri Devi a/p Kanan, et al. v. Malaysian Airline System Berhad (Under Administration), Malaysia Airlines Berhad, Dato' Sri Azharuddin Abdul Rahman, Department of Civil Aviation, Dato' Aloyah Binti Mamat, Immigration Department of Malaysia, General Tan Sri Dato' Sri Rodzali Bin Daud, Royal Malaysian Air Force, Government of Malaysia*, High Court of Malaya at Kuala Lumpur, Case No. WA-21CVC-15-02/2015, attached hereto as **Exhibit A-3**;

- *Erny Masila BT Mustafa v. Malaysia Airlines System Berhad*, High Court of Malaya at Kuala Lumpur, Case No. WA-22CVC-141-03/2016, attached hereto as **Exhibit A-4**;

- *DRS Robinhot Simanjuntak, et al. v. Malaysian Airline System Berhad*, High Court of Malaya at Kuala Lumpur, Case No. WA-22CVC-143-03/2016, attached hereto as **Exhibit A-5**.

9.        As shown in the case names listed in paragraph 8, in addition to MAS, Malaysia Airlines Berhad ("MAB") and AGCS SE, a number of Malaysian governmental parties have been named in various combinations as defendants, including:

- <u>Director General, Department of Civil Aviation</u>:  Plaintiffs in *Wu Sying and 75 others* action name the Director General of the Department of Civil Aviation ("DCA") as a proxy to assert claims of negligence, fraud and conspiracy directly against the DCA, the regulatory authority for civil aviation in Malaysia.

- <u>Department of Civil Aviation Malaysia</u>:  Plaintiffs in the *Huang Min and 31 others* and *Kanan* actions directly assert claims of negligence and breach of statutory duties against the DCA, as the regulatory authority for civil aviation in Malaysia, in connection with the loss of MH370.

- <u>Royal Malaysian Air Force</u>:  Plaintiffs in the *Wu Sying and 75 others* action assert claims of negligence, fraud and conspiracy directly against the Royal Malaysian Air Force ("RMAF"), as the governmental entity tasked with "complete protection and defence of Malaysia's airspace." Plaintiffs in the *Huang Min and 31 others* and *Kanan* actions likewise assert claims of negligence and breach of statutory duties against RMAF.

- <u>Immigration Department of Malaysia</u>: Plaintiffs in the *Kanan* action assert claims of negligence and breach of statutory duty against the Immigration Department of Malaysia as the entity responsible for the administration, facilitation, control and management of the movement of people at authorized entry and exit points in the

Kuala Lumpur International Airport. The claims are primarily based upon the allowance of two passengers onboard MH370 allegedly using stolen/fake passports.

- <u>Government of Malaysia</u>:  Plaintiffs in *Wu Sying and 75 others* action assert claims of negligence, fraud and conspiracy against the Government of Malaysia as the employer and/or principal of the DCA, RMAF and MOT and is therefore vicariously liable for their acts. Plaintiffs in the *Min and Kanan* likewise assert claims for negligence and breach of statutory duties against the Government of Malaysia as the employer and/or principal of the DCA, RMAF and Minister of Transport.

- <u>Dato' Sri Azharuddin Abdul Rahman</u>:  Plaintiffs in the *Kanan* action assert claims against Dato' Sri Azharuddin Abdul Rahman for negligence and breach of statutory duties in his capacity as the "servant, agent and/or employee of the Director General of Civil Aviation in charge of, heading, supervising, managing, administering and overseeing the whole organization." Plaintiffs assert identical claims against Dato' Rahman as those asserted against the DCA.

- <u>Dato' Aloyah Binti Mamat</u>:  Plaintiffs in the Kanan action assert claims of negligence and breach of statutory duty against Dato' Aloyah Binti Mamat in his capacity as the "servant, agent and/or employe[e]" of the Director General of Immigration. The claims primarily concern the allowance of two passengers onboard MH370 using stolen/fake passports. Plaintiffs assert identical claims against Dato' Mamat as those asserted against the Director General of Immigration.

- <u>General Tan Sri Dato' Sri Rodzali Bin Daud</u>:  Plaintiffs in the *Kanan* action assert claims of negligence and breach of statutory duty against General Tan Sri Dato' Sri Rodzali Bin Daud in his capacity as the Chief Commander of the Royal Malaysian Air Force. Plaintiffs assert identical claims against General Daud as those asserted against the RMAF.

For ease of reference in this Declaration, I will refer to these Defendants or any one or more of them as "Government Defendants."

10.    In the five civil suits referred to above, there have a number of interlocutory applications filed by the Plaintiffs therein which have been heard, are pending hearing at the High Court, or pending appeals at the Court of Appeal.  I summarise below the applications that have been filed and/or pending as aforesaid.

a.    *Wu Siying and 75 others v. Malaysian Airline System Berhad (in Administration), et al.*

- The Plaintiffs applied for an Order for General Discovery against MAS and the Government Defendants. The High Court allowed the Plaintiffs' application on the 8th of September 2016.

b. *Huang Min and 31 others v. Malaysian Airline System Berhad, et al.*

- Plaintiffs applied for the issuance and service of the Writ and Statement of Claim out of jurisdiction on AGCS SE. The Court granted leave to the Plaintiffs on 14th of June 2016. AGCS SE has since entered an appearance in the case and will be filing their Defence.

- Plaintiffs applied for the stay of their Malaysian proceedings pending a ruling of the U.S. court on forum objections. The Plaintiffs' application was dismissed by the High Court on 10th of August 2016 (the grounds of which are discussed further below).

- The Plaintiffs have since appealed to the Court of Appeal against the said Decision which is now pending a Hearing date to be fixed.

c. *Sri Devi a/p Kanan, et al. v. Malaysian Airline System Berhad (Under Administration), et al.*

- Plaintiffs applied for Specific Discovery against the Government Defendants. The High Court allowed the Plaintiffs application on the 26th of July 2016.

- Plaintiffs have applied to strike out the Government Defendants' Defence for failure to satisfactorily comply with the Discovery Order. The Application is set down for Case Management Conference on the 26th of September 2016.

- Plaintiffs filed an application for Interim Payment against MAS. The Application is set down for Case Management Conference on the 26th of September, 2016.

d. *Erny Masila BT Mustafa v. Malaysia Airlines System Berhad*

- This matter has been settled. An application for infant approval of the settlement entered into is currently being made by the Plaintiff to the High Court. No Hearing date has been fixed as yet.

11.    I also attach hereto as exhibits, true and correct copies of two Judgments of the High Court of Malaya at Kuala Lumpur which demonstrate the active nature of the litigation that is taking place in the coordinated High Court of Malaya proceedings before Judge Azizul Azmi Adnan:

- Judgment[1] of the High Court of Malaya, dated the 10th of August 2016, in *Huang Min, and 31 others v. Malaysian Airline System Berhad, et al.*, denying Plaintiffs' Application for a Stay of Proceedings, attached hereto as **Exhibit B**;

- Judgment of the High Court of Malaya, dated the 8th of September 2016, in *Wu Siying and 75 others v. Malaysian Airline System Berhad (in Administration), et al.*, granting Plaintiffs' Application for Discovery, attached hereto as **Exhibit C**;

12.    In the 10th of August 2016 Judgment of the High Court, **Exhibit B**, the High Court addressed Plaintiffs' Application for a Stay of Proceedings.  The Plaintiffs in the *Huang Min and 31 others v. Malaysian Airline System Berhad, et al.* case, who are represented in the United States by the Motley Rice firm, requested that the High Court stay the Malaysian proceeding to allow for the U.S. District Court for the District of Columbia to determine whether it would retain jurisdiction over the cases in the United States.  It is my understanding that the *Huang Min and 31 others* case in Malaysia involves the same deceased passengers in the *Huang Min v. Malaysia Airlines Berhad, et al.*, No. 1:16-cv-01063-KBJ; *Smith v. Malaysia Airlines Berhad, et al.*, No. 1:16-cv-00439-KJB; and *Zhang v. Malaysia Airlines Berhad, et al.*, 1:16-cv-01048-KBJ cases pending in the District of the District of Columbia Multidistrict Litigation proceedings.  Indeed, United States counsel for Plaintiffs, Mary Schiavo of the Motley Rice law firm, filed at least two affidavits in support of the Application for Stay.  The High Court denied Plaintiffs' Application for Stay noting primarily that Plaintiffs intended to proceed in the High Court of Malaya against the Director General of Civil Aviation Malaysia, the Department of Civil Aviation Malaysia, the

---

[1] The term "judgment," as used in these documents, is equivalent to an interlocutory order of a court in the U.S.

Royal Malaysian Air Force and the Government of Malaysia regardless of any eventual ruling of the United States court. The High Court noted ". . . the need for cases to be disposed of in an expeditious and economical manner as well as the potential prejudice that may be occasioned to the fourth to seventh defendants [identified in the preceding sentence] in having the Malaysian action hanging over them for an uncertain duration, pending disposal of the jurisdictional hearing in the USA to which, it must be remembered, they are not even parties." Notwithstanding Plaintiffs' contention that their action in Malaysia against MAS and MAB was a protective filing, the court ruled that "having instituted the action in Malaysia, the plaintiff will necessarily have accepted that the progress of this case is now placed in the hands of the [Malaysian] court" and concluded that "the balance of justice and convenience lies in refusing the application for stay." See **Exhibit B** at ¶¶ 11, 13-14.

   13. On the 8th of September 2016, the High Court addressed Plaintiffs' Application for General Discovery in the *Wu Siying and 75 others v. Malaysian Airline System Berhad (in Administration), et al.* case. *See* **Exhibit C**. It is my understanding that the *Wu Siying and 75 others* case in Malaysia involves the same deceased passengers involved in the cases filed in the United States by the Podhurst Orseck firm. *See* **Exhibit A** hereto in which the cases are sorted by U.S. counsel and then by decedent to match up the United States cases to their counterpart in the High Court of Malaya at Kuala Lumpur. The High Court granted Plaintiffs' Application for General Discovery. The Plaintiffs are now permitted to take discovery of documents in the custody, care and possession of MAS and the Government Defendants subject to any limitation set forth in the Judgment. As shown by this Judgment, Plaintiffs are actively pursuing their claims in the High Court of Malaya.

14.     Apart from these specific applications that have been made or are pending in the five civil suits referred above, the High Court has held two mass Case Management Conferences before Judge Azizul Azmi Adnan on the 14th of June 2016 and 8th of September 2016. At the last Case Management Conferences, two civil suits had been set down for trial between the 20th and 24th of February 2017.

15.     From the twenty-seven cases referred to earlier, two cases have been settled and withdrawn before the High Court judge on the 8th of September 2016 mass Case Management Conference.

16.     Additionally, the High Court has set forth a further mass Case Management Conference of all the actions on 3rd of November 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in Petaling Jaya, Selangor, Malaysia, on the 27th of September 2016

_____
Saranjit Singh Surjit Singh

# EXHIBIT A

# DECLARATION OF

# SARANJIT SINGH

# EXHIBIT A TO DECLARATION OF SARANJIT SINGH

| Plaintiffs' Counsel | D.D.C. Case No(s). | D.D.C. Case Name | Defendants | Decedent's Name | High Ct. of Malaysia Case No. | Exh. No. |
|---|---|---|---|---|---|---|
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Bao, Yuanhua | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Che, Junzhang | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Dong, Guowei | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Feng, Jixin | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Gan, Fuxiang | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Gan, Tao | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Hu, Siwan | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Li, Wenbo | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Li, Yuchen | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Li, Zhi | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Lou, Baotang | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Ma, Wenzhi | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Mao, Tugui | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |

| Plaintiffs' Counsel | D.D.C. Case No(s). | D.D.C. Case Name | Defendants | Decedent's Name | High Ct. of Malaysia Case No. | Exh. No. |
|---|---|---|---|---|---|---|
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Meng, Bing | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Meng, Fanquan | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Meng, Leo | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Meng, Nicole | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Shi, Xianwen | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Tang, Xuezhu | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Tian, Qingjun | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Wang, Lijun | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Wang, Linshi | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Wang, Yonggang | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Wen, Haodong | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Xie, Liping | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Xing, Qiao | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE | Xiong, Deming | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGGS SE, Henning Haagen | | | |

| Plaintiffs' Counsel | D.D.C. Case No(s). | D.D.C. Case Name | Defendants | Decedent's Name | High Ct. of Malaysia Case No. | Exh. No. |
|---|---|---|---|---|---|---|
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Xu, Chuane | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Yan, Peng | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Yan, Xiaodan | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Yang, Li | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Yang, Meihua | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Yang, Qingyuan | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Yao, Jianfeng | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhang, Jinquan | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhang, Meng | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhang, Na | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhang, Shaohua | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhang, Yan | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhang, Zhong Hai | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhao, Zhaofang | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |

| Plaintiffs' Counsel | D.D.C. Case No(s). | D.D.C. Case Name | Defendants | Decedent's Name | High Ct. of Malaysia Case No. | Exh. No. |
|---|---|---|---|---|---|---|
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhou, Feng | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhou, Jinling | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Motley Rice | 1:16-cv-00439-KJB | Smith v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE | Zhou, Shijie | WA-21CVC-43-04/2016 | A-2 |
| Motley Rice | 1:16-cv-01048-KBJ | Zhang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Boeing | | | |
| Motley Rice | 1:16-cv-01063-KBJ | Huang v. Malaysia Airlines Berhad, et al. | MAB, MAS, AGCS SE, Henning Haagen | | | |
| Podhurst Orseck | 1:16-cv-01152-KBJ | Huang v. The Boeing Company | Boeing | Chen, Jianshe | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01132-KBJ | Wang v. The Boeing Company | Boeing | Chen, Yun | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-00419-KBJ | Gaspard v. Malaysia Airlines Berhad, et al. | MAB, MAS | Dai, Shuling | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01148-KBJ | Gaspard v. The Boeing Company | Boeing | | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01129-KBJ | Xiao v. The Boeing Company | Boeing | Guan, Wenjie | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01145-KBJ | Li v. The Boeing Company | Boeing | Huang, Tianhui | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01164-KBJ | Zhang v. The Boeing Company | Boeing | Huang, Yi | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01147-KBJ | Jia v. The Boeing Company | Boeing | Jia, Ping | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-00419-KBJ | Gaspard v. Malaysia Airlines Berhad, et al. | MAB, MAS | Jiao, Weiwei | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01296-KBJ | Gaspard v. The Boeing Company | Boeing | | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01166-KBJ | Kolekar v. The Boeing Company | Boeing | Kolekar, Vinod Chetana | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01143-KBJ | Kolekar v. The Boeing Company | Boeing | Kolekar, Vinod Suresh | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01153-KBJ | Kolekar v. The Boeing Company | Boeing | Kolekar, Vinod Swanand | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01128-KBJ | Li v. The Boeing Company | Boeing | Li, Mingzhong | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01161-KBJ | Han v. The Boeing Company | Boeing | Liu, Jinpeng | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01307-KBJ | Yuan v. The Boeing Company | Boeing | Lu, Xianchu | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01136-KBJ | Liang v. The Boeing Company | Boeing | Ouyang, Xin | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01151-KBJ | Santhanam v. The Boeing Company | Boeing | Sharma, Chandrika | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01146-KBJ | Shriath v. The Boeing Company | Boeing | Shirsath, Kranti Pralhad | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01130-KBJ | Gao v. The Boeing Company | Boeing | Song, Chun Ling | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01138-KBJ | Zhou v. The Boeing Company | Boeing | Song, Feifei | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01144-KBJ | Tian v. The Boeing Company | Boeing | Wang, Chunhua | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-00419-KBJ | Gaspard v. Malaysia Airlines Berhad, et al. | MAB, MAS | Wang, Rui | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01299-KBJ | Gaspard v. The Boeing Company | Boeing | | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01140-KBJ | Wang v. The Boeing Company | Boeing | Wang, Shumin | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-00053-KBJ | Wood v. Malaysia Airlines Berhad, et al. | MAB, MAS | Wood, Phillip | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01149-KBJ | Wood v. The Boeing Company | Boeing | | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01135-KBJ | Pang v. The Boeing Company | Boeing | Xin, Xixi | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01165-KBJ | Chen v. The Boeing Company | Boeing | Yang, Xiaoming | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01131-KBJ | Feng v. The Boeing Company | Boeing | Yin, Boyan | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01334-KBJ | Wang v. The Boeing Company | Boeing | Zhang, Chi | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01306-KBJ | Zhang v. The Boeing Company | Boeing | Zhang, Qi | WA-21CVC-20-03/2016 | A-1 |
| Podhurst Orseck | 1:16-cv-01137-KBJ | Hu v. The Boeing Company | Boeing | Zhao, Qiwei | WA-21CVC-20-03/2016 | A-1 |

| Plaintiffs' Counsel | D.D.C. Case No(s). | D.D.C. Case Name | Defendants | Decedent's Name | High Ct. of Malaysia Case No. | Exh. No. |
|---|---|---|---|---|---|---|
| Podhurst Orseck | 1:16-cv-01139-KBJ | Hu v. The Boeing Company | Boeing | Zhao, Yingxin | WA-21CVC-20-03/2016 | A-1 |
| Wisner Law Firm | 1:16-cv-01167-KBJ | Weeks v. The Boeing Company | Boeing | Amri, Mohammad Khairul | WA-22CVC-141-03/2016 **Settled, awaiting order of High Court of Malaya** | A-4 |
| Wisner Law Firm | 1:16-cv-01167-KBJ | Weeks v. The Boeing Company | Boeing | Li, Yuan | Case No. 2016/69784 filed in the **Supreme Court of New South Wales, Australia** (wrongful death) | |
| Wisner Law Firm | 1:16-cv-01167-KBJ | Weeks v. The Boeing Company | Boeing | Naijun Gu | Case No. 2016/69805 filed in the **Supreme Court of New South Wales, Australia** (wrongful death) | |
| Wisner Law Firm | 1:16-cv-01167-KBJ | Weeks v. The Boeing Company | Boeing | Simanjuntak, Surti Dahlia | WA-22CVC-143-03/2016 | A-5 |
| Wisner Law Firm | 1:16-cv-01167-KBJ | Weeks v. The Boeing Company | Boeing | Weeks, Paul | CIV 1355 of 2016 in the **Supreme Court of Western Australia** (wrongful death); CIV 1351, 1352, 1353, 1354 and 1355 of 2016 in the **Supreme Court of Western Australia** (individual nervous shock claims by next of kin) | |
| Clifford Law | 1:16-cv-01047-KBJ | Ganguli v. Malaysia Airlines Berhad, et al | MAS | Bai, Xiaomo | N/A | |
| Clifford Law | 1:16-cv-01047-KBJ | Ganguli v. Malaysia Airlines Berhad, et al | MAS | Mukherjee, Muktesh | N/A | |
| Spagnoletti | 1:16-cv-01062-KBJ | Kanan v. Malaysia Airlines System Berhad, et al | MAS, MAB, AGCS SE, Henning Haagen | Puspanathan, Subramanian | WA-21CVC-15-02/2015 | A-3 |
| Spagnoletti | 1:16-cv-01159-KBJ | Kanan v. The Boeing Company | Boeing | | | |

# EXHIBIT A-1

# DECLARATION OF
# SARANJIT SINGH

IN THE HIGH COURT OF MALAYA AT KUALA LUMPUR

(CIVIL DIVISION)

<u>CIVIL SUIT NO:</u>   22NCVC -            -            / 2016

**BETWEEN**

1.      WU SIYING
2.      LI LI
3.      LI YUCHEN
4.      GAO YI
5.      GAO JING BO
6.      GAO CHU HAN
7.      WANG YANG
8.      WANG GUANYI
9.      CHEN PU
10.    CHEN YANG
11.    WANG YINGLEI
12.    FENG LEI
13.    YIN RUOYAN
14.    CAO LANYING
15.    YIN HAOLONG
16.    TIAN YANG
17.    WANG HUANBO
18.    WANG JIWU
19.    SU LIQIN
20.    XIAO LIN NA
21.    GUAN BO HAN
22.    WANG YU MEI
23.    GUAN SHU MAO
24.    PANG SHOUJIE
25.    PANG RUOXI
26.    WANG YULIAN
27.    ZHANG PU
28.    ZHANG BOXIAN                              **... PLAINTIFFS**

29.     HUANG SHI HUA

30.     YU FENGLIAN

31.     HAN JUNXIU

32.     LIU JIARUI

33.     LIU JIAXU

34.     LIU WEIGUO

35.     LIU DIANYUN

36.     ZHANG YONGLI

37.     WANG JUNCHAI

38.     ZHOU SHENGNAN

39.     SONG CHENGXUAN

40.     SONG DELI

41.     DONG SHUNSHENG

42.     YUAN BEI

43.     WU PING

44.     LU XIANCHUN

45.     HU XIUFANG

46.     LI HUIYUN

47.     HUANG DONGQING

48.     HUANG RUNQING

49.     HUANG JIANZHANG

50.     DENG HUALIAN

51.     WANG HAILIN

52.     SUN JIN

53.     DAI SHUQIN

54.     DAI SHUYING

55.     DAI FENGLIN

56.     PRALHAD K. SHIRSATH

57.     RAHUL PRALHAD SHIRSATH

58.     YASHWANT PRALHAD SHIRSATH

59.     RAMRAO WAMAN HANGE

60.     RAKHA RAMRAO HANGE

61.     K.S. NARENDRAN

62.     MEGHANA CHANDRIKA NARENDRAN

63.     DING JINRONG                              **... PLAINTIFFS**

- 3 -

64.    LIANG QINGSHAN
65.    LIANG JIACHANG
66.    GUAN ZHONGPING
67.    SANVED KOLEKAR
68.    LV ZHANZHONG
69.    BIAN XIUZHI
70.    BIAN YIHAO
71.    WANG YONG ZHI
72.    WANG LE
73.    JIN HE ZENG
74.    HUANG YAN
75.    NICHOLAS T. WOOD
76.    CHRISTOPHER A. WOOD                    **... PLAINTIFFS**


**AND**


1.    MALAYSIAN AIRLINE SYSTEM BERHAD
      (In Administration)


2.    MALAYSIA AIRLINES BERHAD


3.    DIRECTOR GENERAL, DEPARTMENT OF CIVIL AVIATION


4.    ROYAL MALAYSIAN AIR FORCE


5.    GOVERNMENT OF MALAYSIA                    **... DEFENDANTS**

- 4 -

# **CONTENTS**

| Part | | Page No. |
|---|---|---|
| A | The Plaintiffs | 5 |
| B | The Defendants | 25 |
| C | Law on Civil Aviation in Malaysia | 28 |
| D | Liability of MAS and Malaysia Airline, as Carriers | 34 |
| E | Facts | |
| | (i) Events on 8-3-2014 : From Take-off to initiation of Search and Rescue Operation | 36 |
| | (ii) Post-Disappearance Press Communications by the Government of Malaysia | 49 |
| F | Case against MAS and Malaysia Airline for Liability under The Montreal Convention | 57 |
| G | Case against DCA, MOT, RMAF and Government of Malaysia | 63 |
| H | Losses suffered by the Plaintiffs | 70 |
| I | Relief | 71 |

# STATEMENT OF CLAIM

## A. THE PLAINTIFFS

1        The 1st to 3rd Plaintiffs are members of the family of one Li Mingzhong (ID No: 360102194512190011) ("deceased") who was 68 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Xingfu ErChun, Chao Yang District, Beijing China :-

    (i)    the 1st Plaintiff, Wu Siying (ID No:360102195211300023), is the wife of the deceased and is 63 years of age;

    (ii)    the 2nd Plaintiff , Li Li (U.S. Passport No:452092372), is the daughter of the deceased and is 38 years of age; and

    (iii)    the 3rd Plaintiff, Li Yuchen (Police ID No:GANXIAOZIDI859), is the son of the deceased and is 36 years of age.

2        The 4th to 6th Plaintiffs are members of the family of one Song Chunling (ID No: 110104195404061643) ("deceased") who was 59 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Tianle Yuan Chao Yang District, Beijing, China :-

# STATEMENT OF CLAIM

## A. THE PLAINTIFFS

1        The 1st to 3rd Plaintiffs are members of the family of one Li Mingzhong (ID No: 360102194512190011) ("deceased") who was 68 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Xingfu ErChun, Chao Yang District, Beijing China :-

    (i)    the 1st Plaintiff, Wu Siying (ID No:360102195211300023), is the wife of the deceased and is 63 years of age;

    (ii)    the 2nd Plaintiff , Li Li (U.S. Passport No:452092372), is the daughter of the deceased and is 38 years of age; and

    (iii)    the 3rd Plaintiff, Li Yuchen (Police ID No:GANXIAOZIDI859), is the son of the deceased and is 36 years of age.

2        The 4th to 6th Plaintiffs are members of the family of one Song Chunling (ID No: 110104195404061643) ("deceased") who was 59 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Tianle Yuan Chao Yang District, Beijing, China :-

- 6 -

(i)   the 4th Plaintiff, Gao Yi  (ID No: 110104195305101611), is the husband of the deceased and is 62 years of age;

(ii)   the 5th Plaintiff, Gao Jinbo (ID No: 110104198103201634), is the son of the deceased and is 34 years of age; and

(iii)   the 6th Plaintiff, Gao Chu Han (ID No: 110108200910269729), is the granddaughter of the deceased and is 6 years of age.

3       The 7th and 8th Plaintiffs are members of the family of one Chen Yun (ID No: 110102195708112400) ("deceased") who was 56 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Room 301, 4th entrance Sheng Gu South Lane No. 22, Chaoyang District, Beijing :-

(i)   the 7th Plaintiff, Wang Yang (ID No: 110101195902063554), is the husband of the deceased and is 57 years of age; and

(ii)   the 8th Plaintiff, Wang Guanyi (ID No: 110102198811232316), is the son of the deceased and is 27 years of age.

- 7 -

4       The 9ᵗʰ and 10ᵗʰ Plaintiffs are members of the family of one Yang Xiaoming (Passport No: G34153363) ("deceased") who was 58 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Room 611, Building 6, Jin Se Jia Yuan, No. 2 Dong Bin He Road, Feng Tai District, Beijing :-

   (i)    the 9ᵗʰ Plaintiff, Chen Pu (ID No: 110105195402180450), is the husband of the  deceased and is 62 years of age; and

   (ii)   the 10ᵗʰ Plaintiff, Chen Yang (Passport No: G38625912), is the son of the  deceased and is 31 years of age.

5       The 11ᵗʰ Plaintiff, Wang Yinglei (ID No: 110108198207175755), is the son of one Wang Shumin (ID No: 110108195307095740) ("deceased") who was 60 years old, a citizen of China and a passenger aboard MH370. He is 33 years old and a citizen of China, with a residential address at Room 1301 Unit 4 B-Wing Building 27 Wan Shou Temple Jia, Hai Dian District, Beijiing China.

6       The 12ᵗʰ to 15ᵗʰ Plaintiffs are members of the family of one Yin Boyan (ID No: 120101198109014015) ("deceased") who was 32 years old, a citizen of China and a passenger aboard MH370.

- 8 -

They are citizens of China, with a residential address at Room 501, Entrance 1 Building 20 Guang Hi Li, West Anshan Road, Nan Kai District, TianJin City Tianjin, China :-

> (i)    the    12th    Plaintiff,    Feng    Lei    (ID    No:
> 120104198112314368), is the wife of the deceased and is
> 34 years of age;

> (ii)    the    13th    Plaintiff,    Yin    Ruoyan    (ID    No:
> 120104200904100069), is the daughter of the deceased
> and is 6 years of age;

> (iii)    the    14th    Plaintiff,    Cao    Lanying    (ID    No.:
> 120101195409134023), is the mother of the deceased
> and is 62 years of age; and

> (iv)    the    15th    Plaintiff,    Yin    Haolong    (ID    No:
> 12010119521022403X), is the father of the deceased and
> is 64 years of age.

7        The 16th to 19th Plaintiffs are members of the family of one Wang Chunhua (ID No: 120104198001132115) ("deceased") who was 34 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at

- 9 -

Room 602, Building 107, Wen Ming Li, Hei Bon Cheng Road, HeXi Disrtrict, Tianjin, China :-

> (i)    the    16[th]    Plaintiff,    Tian    Yang    (ID    No: 120103197911232923), is the wife of the  deceased and is 36 years of age;

> (ii)    the    17[th]    Plaintiff,    Wang    Huanbo    (ID    No: 120103201004090131), is the son of the deceased and is 5 years of age;

> (iii)    the    18[th]    Plaintiff,    Wang    Jiwu    (ID    No: 120104195206192118), is the father of the deceased and is 63 years of age; and

> (iv)    the 19[th] Plaintiff, Su Liqin (ID No: 120104195003172141), is the mother of the deceased and is 65 years of age.

8        The 20th to 23rd Plaintiffs are members of the family of one Guan Wen Jie (ID No: 130705197910030913) ("deceased") who was 34 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at 1-2-101. Bo Xo Yuan, Yang Lou, Xi Qing District, TianJin, China :-

- 10 -

(i) the 20th Plaintiff, Xiao Lin Na (ID No: 13070519800107274X), is the wife of the deceased and is 36 years of age;

(ii) the 21st Plaintiff, Guan Bo Han (ID No: 120101200908050039), is the son of the deceased and is 6 years of age.

(iii) the 22nd Plaintiff, Wang Yu Mei (ID No: 130705195309150923), is the mother of the deceased and is 62 years of age; and

(iv) the 23rd Plaintiff, Guan Shu Mao (ID No: 130705195101290919), is the father of the deceased and is 65 years of age.

9    The 24th to 26th Plaintiffs are members of the family of one Xin XiXi (ID No: 220202198205244246) ("deceased") who was 31 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at 15-6-401. duHuaLi West Bin Shui Road, Non Kai District, TianJin, China :-

(i) the 24th Plaintiff, Pang Shoujie (ID No: 310785198210106877), is the husband of the deceased and is 33 years of age;

- 11 -

    (ii)  the 25th Plaintiff, Pang Ruoxi (ID No: 120104201107050083), is the daughter of the deceased and is 4 years of age; and

    (iii)  the 26th Plaintiff, Wang Yulian (ID No: 220202195606214220), is the mother of the deceased and is 58 years of age.

10    The 27th to 30th Plaintiffs are members of the family of one Huang Yi (ID No: 522101198406182820) ("deceased") who was 29 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at 1-1-301. Xin Ming Yuan, Bai Di Road, NanKai District, TianJin, China :-

    (i)  the 27th Plaintiff, Zhang Pu (ID No: 120104198305254752), is the husband of the deceased and is 32 years of age;

    (ii)  the 28th Plaintiff, Zhang Boxian (ID No: 120104200907200161), is the daughter of the deceased and is 6 years of age;

    (iii)  the 29th Plaintiff, Huang Shi Hua (ID No.: 522101195708152877), is the father of the deceased and is 58 years of age; and

(iv)    the    30th    Plaintiff,    Yu    Fenglian    (ID    No:
522101195703212826)    is the mother of the deceased
and is 58 years of age.

11    The 31st to 35th Plaintiffs are members of the family of
one Liu Jinpeng (ID No: 120110198112260619) ("deceased") who
was 33 years old, a citizen of China and a passenger aboard
MH370. They are citizens of China, with a residential address at
Room 202 Entrance 3 Building 20 Ming Jia Zhuang Yuan, Er Has
Qiao, He Dong District, Tianjin, China :-

(i)    The    31st    Plaintiff,    Han    Junxiu    (ID    No:
120106197902122027), is the wife of the deceased and is
37 years of age;

(ii)    the    32nd    Plaintiff,    Liu    Jiarui    (ID    No:
120110200609290098), is the son of the deceased and is
9 years of age;

(iii)    the    33rd    Plaintiff,    Liu    Jiaxu    (ID    No:
120110201205190036), is the son of the deceased and is
3 years of age;

- 13 -

(iv) the 34th Plaintiff, Liu Weiguo (ID No: 120110195610080617), is the parent of the deceased and is 59 years of age; and

(v) the 35th Plaintiff, Liu Dianyun (ID No: 120110195606050626), is the parent of the deceased and is 59 years of age.

12      The 36th and 37th Plaintiffs are members of the family of one Zhang Qi (ID No: 110222198301281426) ("deceased") who was 31 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Yu Zhuang Village, GaoLiYing County, Shun Yi District, Beijing, China :-

(i) the 36th Plaintiff, Zhang Yongli (ID No: 110222195103231432), is the father of the deceased and is 64 years of age; and

(ii) the 37th Plaintiff, Wang Junchai (ID No: 110222195303301423), is the mother of the deceased and is 62 years of age.

13      The 38th to 41st Plaintiffs are members of the family of one Song Feifei (ID No: 110108198203172258) ("deceased") who was 32 years old, a citizen of China and a passenger aboard

MH370. They are citizens of China, with a residential address at Room 321, Building 34 Juan, China University of Geo Science, Beijing, No. 20 Cheng Fu Road, Hai Dian District, Beijing, China :-

> (i)   the 38th Plaintiff, Zhou Shengnan (ID No: 32010219840508162X), is the wife of the deceased and is 31 years of age;

> (ii)   the 39th Plaintiff, Song Chengxuan (ID No: 110108200906182217), is the son of the deceased and is 5 years of age;

> (iii)   the 40th Plaintiff, Song Deli (ID No: 110108195112303132), is the father of the deceased and is 64 years of age; and

> (iv)   the 41st Plaintiff, Dong Shunsheng (ID No: 110108195606192225), is the mother of the deceased and is 59 years of age.

14    The 42nd to 44th Plaintiffs are members of the family of one Lu Xianchu (ID No: 342126198110141572) ("deceased") who was 32 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at

- 15 -

Beijing Shun Yi SHeng Li Yi Bin South Section Bulding No. 10 Apartment 3, Room 601, Beijing :-

(i)    the    42nd    Plaintiff,    Yuan    Bei    (ID    No: 130104198801210347), is the wife of the  deceased and is 28 years of age;

(ii)   the 43rd Plaintiff, Wu Ping (ID No: 341281194504251564), is the mother of the deceased and is 70 years of age; and

(iii)  the    44th    Plaintiff,    Lu    Xianchun    (ID    No: 342126198110141599),  is  the  twin  brother  of  the deceased and is 34 years of age.

15    The    45th    Plaintiff,    Hu    Xiufang    (ID    No.: 11011095101151542), is a citizen of China, with a residential address at Qing Nian Lu Community Chao Yang District, Beijing, China and is 65 years of age. She is a member of the family of the following passengers aboard MH370 :-

(i)    mother of Zhao Qiwei (ID No: 110111197708278617), a citizen of China, who was 36 years old; and

(ii)    grandmother    of    Zhao    Yingxin    (ID    No:
110105201106244824), a citizen of China who was 2
years old.

16        The 46th to 50th Plaintiffs are members of the family of
one Huang Tianhui (ID No: 4110021971014207X) ("deceased") who
was 42 years old, a citizen of China and a passenger aboard
MH370. They are citizens of China, with a residential address at
East 3rd Floor, No. 10 Building Jin Gui Li Tuan, Opposite to Jien
She Lu Primary School, XuJi Avenue, WeiDu District, XuChang City,
HeNan Province, China :-

(i)    the    46th    Plaintiff,    Li    Huiyun    (ID    No:
411002197303051027), is the wife of the deceased and is
42 years of age;

(ii)    the    47th    Plaintiff,    Huang    Dongqing    (ID    No:
41100219990502202X), is the daughter of the deceased
and is 16 years of age;

(iii)    the    48th    Plaintiff,    Huang    Runqing    (ID    No:
411002200203012017), is the son of the deceased and is
14 years of age;

(iv)  the  49th  Plaintiff,  Huang  Jianzhang  (ID  No:
411002193203222038), is the father of the deceased and
is 83 years of age; and

(v)  the  50th  Plaintiff,  Deng  Hualian  (ID  No:
411023193301165526), is the mother of the deceased
and is 83 years of age.

17      The 51st and 52nd Plaintiffs, Wang Hailin (ID No.:
1304021944112241X)      and      Sun      Jin      (ID      No.:
130402194510032443), are citizens of China, with a residential
address at He Bei Province, Han Dan City Guang Ming Nan Da
Street No. 195, Building No. 9, 1st apartment Room No. 8 and are
71 and 70 years of age respectively. They are members of the
family of the following passengers aboard MH370 :-

(i)  parents of  Wang Rui (Passport No: E25102419)
("deceased"), a citizen of China, who was 34 years old;
and

(ii)  grandparents of  Wang Moheng ("deceased") (Passport
No: E30046528), a citizen of China, who was 2 years old
and the sole heir to the estate of his mother, Jiao Weiwei
("deceased") (ID No: 110101198205090526), a citizen of

China, who was 31 years old and also a passenger aboard MH370

18      The 53rd to 55th Plaintiffs members of the family of one Dai Shuling (Passport No: G4204524) ("deceased") who was 59 years old, a citizen of China and a passenger aboard MH370. They are citizens of China :-

(i)      the 53rd Plaintiff, Dai Shuqin (ID No: 110101195411260545), with a residential address at No.13, No 37 Building, Shu Guang Li, Chao Yang District, Beijing, China, is the sister of the deceased and is 61 years of age;

(ii)      the 54th Plaintiff, Dai Shuying (ID No: 110101195212260526), with a residential address at No. 22 Daxuedia Dao, Dong Cheng District, Beijing, China, is the sister of the deceased and is 63 years of age; and

(iii)      the 55th Plaintiff, Dai Fenglin (ID No: 110101196301040554), with a residential address at Room 402, 1st Apartment, No 5 Building, No. 1 yeard, East Tu Cheng Road, Chao Yang District, Beijing, China, is the brother of the deceased and is 53 years of age.

- 19 -

19        The 56th to 60th Plaintiffs are members of the family of one Kranti Pralhad Shirsath (Passport No: H1797288) ("deceased") who was 43 years old, a citizen of India and a passenger aboard Malaysian Airlines Berhad's Flight 370 ("MH370"). They are citizens of India, with a residential address at SRNO-319, Khandoba Mandir Road, Bhugaew, Tal Mulsi Pune district in Maharashta, India :-

(i)     the 56th Plaintiff, Pralhad Karbhari Shirsath (Passport No: Z2372192), is the husband of the deceased and is 44 years of age;

(ii)    the 57th Plaintiff, Rahul Pralhad Shirsath (ID No: 273188826876), is the elder son of the deceased and is 18 years of age;

(iii)   the 58th Plaintiff, Yashwant Pralhad Shirsath (ID No: 300390034308), is the younger son of the deceased and is 13 years of age;

(iv)    the 59th Plaintiff, Ramrao Waman Hange (ID MT/34/18/618379), is the father of the deceased and is 78 years of age; and

- 20 -

(v)    the 60th Plaintiff, Rekha Ramrao Hange (ID No: MT/34/198/618368), is the mother of the deceased and is 74 years of age.

20      The 61st and 62nd Plaintiffs are members of the family of one Chandrika Sharma (Passport No: Z1744680) ("deceased") who was 51 years old, a citizen of India and a passenger aboard MH370. They are citizens of India, with a residential address at 4B, Block 2, Magnolia Park, Five Furlong Road, Quindy, Chennai India :-

(i)    the 61st Plaintiff, Narendran Kilapandal Santhanam (Passport No: Z1765464), is the husband of the deceased and is 52 years of age; and

(ii)    the 62nd Plaintiff, Meghna Chandrika Narendran (Passport No:L2282688), is the daughter of the deceased and is 20 years of age.

21      The 63rd Plaintiff, Ding Jinrong (ID No.: 412922195510204520) is a citizen of China, with a residential address of Henan Province Fangcheng County, Gu Zhang Dian Village the fourth group and is 60 years of age. She is the mother of Jia Ping (ID No:411322198212264541) ("deceased"), a citizen of China, who was 32 years old and a passenger on board MH370.

22         The 64th to 66th Plaintiffs are members of the family of one Ouyang Xin (ID No: 120109197610126527) ("deceased") who was 37 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at Room 2105, No. 1 Gate, No. 2 Building, Rongqingyuan, Qingshan St., Heping District, Tianjin :-

    (i)    the 64th Plaintiff, Liang Qingshan (ID No: 120102197110203173), is the husband of the deceased and is 44 years of age;

    (ii)    the 65th Plaintiff, Liang Jiachang (ID No: 12010120090831003X), is the minor son of the deceased and is 6 years of age; and

    (iii)    the 66th Plaintiff, Guan Zhongping (ID No: 120109194311036528), is the mother of the deceased and is 72 years of age.

23         The 67th Plaintiff, Sanved Vinod Kolekar (Passport No.: N6319499), is a citizen of India, with a residential address at 001 Shivanand CNS, Saint Ramdas Road, Mulund East, Mumbai, India and is 30 years of age. He is a member of the family of the following passengers aboard MH370 :-

(i)    son of  Vinod Suresh Kolekar (Passport No: K7534199) and Chetana Vinod Kolekar (Passport No.: K7544551) ("deceased"), who were citizens of India, and who were 58  and  55 years old, respectively; and

(ii)    brother  of  Swanand  Vinod  Kolekar  (Passport  No.: K9279567) (deceased), a citizen of India, who was 22 years old.

24        The 68th to 70th Plaintiffs are members of the family of one Bian Liangjing (ID No: 130682198706064595) ("deceased") who was 26 years old, a citizen of China and a passenger aboard MH370. They are citizens of China, with a residential address at No. 287 Xiliuchun Village, Dongliuchun County, Dingzhou City, Hebei Province :-

(i)    the  68th  Plaintiff,  Lv  Zhanzhong  (ID  No: 132401196302144517), is the father of the deceased and is 52 years of age;

(ii)    the  69th  Plaintiff,  Bian  Xiuzhi  (ID  No: 132401196606194521), is the mother of the deceased and is 49 years of age; and

- 23 -

(iii)   the   70th   Plaintiff,   Bian   Yihao   (ID   No.:
130682201206094514), is the minor son of the deceased
and is 3 years of age.

25      The 71st to 73rd Plaintiffs are members of the family of
one Zhang Chi (Passport No: E21314558) ("deceased") who was 57
years old, a citizen of China and a passenger aboard MH370. They
are citizens of China, with a residential address at Room 602 Unit 3
No. 9 Building No. 7, Yeiu Shuangqiaodonglu, Yuanyangyifang,
Chaoyang District, Beijing:-

(i)    the   71st   Plaintiff,   Wang   Yong   Zhi   (Passport   No:
G219094077), is the husband of the deceased and is 66
years of age;

(ii)   the 72nd Plaintiff, Wang Le (Passport No: G21909432), is
the son of the deceased and is 28 years of age; and

(iii)  the   73rd   Plaintiff,   Jin   He   Zeng   (Passport   No.:
E08637104), is the mother of the deceased and is 80
years of age.

26      The   74th   Plaintiff,   Huang   Yan   (ID   No:
120102195707042166), is 58 years of age and is the wife of Chen
Jianshe   (Passport/ID   No:   PE0169167   /   120101560307157)

- 24 -

("deceased") who was 58 years old, a citizen of China and a passenger aboard MH370. The 74th Plaintiff is a also citizen of China, with a residential address at 3-2-601 Kai Xing Residence Guang Kai Si Ma Road, Nan Kai District, Tianjin China.

27      The 75th and 76th Plaintiffs are members of the family of one Phillip Talmadge Wood ("deceased") who was 50 years old, a citizen of the United States of America and a passenger aboard MH370. They are citizens of the United States of America, with a residential address at 104 Dalton Street, Keller, TX 76248-2156:-

(i)    the 75th Plaintiff, Nicholas T. Wood, is the son of the deceased and is 26 years of age; and

(ii)   the 76th Plaintiff, Christopher A. Wood, is the son of the deceased and is 22 years of age.

- 25 -

## B. THE DEFENDANTS

28      The 1st Defendant ("MAS") is a company incorporated under the laws of Malaysia and having its registered address at Tingkat 3, Administration Building 1, MAS Complex A, Sultan Abdul Aziz Shah Airport, 47200 Subang Jaya, Selangor.

29      The 2nd Defendant ("Malaysia Airline") is a company incorporated under the laws of Malaysia and having its registered address at Level 33, Tower 2, Petronas Twin Towers, Kuala Lumpur City Center, 50088 Kuala Lumpur.

30      By virtue of the _Malaysian Airline System Berhad (Administration) Act_, 2015 ("the MAS Act"), all the businesses, properties, rights, liabilities and affairs of MAS were transferred to Malaysia Airline, after the MAS Act came into force on 20-2-2015. Malaysia Airline was incorporated solely for that purpose. Under this Act, in the event MAS is found liable for the Plaintiffs' losses in this suit, such liability would be borne by Malaysia Airline as the successor company to MAS.

31      MAS was placed under administration under the MAS Act on 25-5-2015. An Administrator has been appointed to manage the affairs of MAS, with a moratorium being imposed for 12 months.

32       Pursuant to Section 11(1)(e) of the MAS Act, no legal proceedings can be commenced against MAS without "*the prior written consent of the Administrator.*"

33       By a press statement given on or about 25-2-2016, the Administrator represented to the public that he had acceded to a total of 96 requests to commence legal proceedings against MAS. He further stated that "*no requests [for consent to institute legal proceedings] have been rejected. In addition 42 [Next of Kin] have collected full compensation.*" This statement is not true insofar as the Plaintiffs are concerned.

34       By letters dated 27-10-2015 and 12-11-2015, solicitors representing the Plaintiffs sought such consent from the Administrator in relation to this civil suit. Wrongfully and unreasonably, the Administrator refused to grant such consent.

35       By its wrongful and unreasonable refusal to grant such consent, the Administrator has acted ultra vires the MAS Act.

36       The Administrator in the said press statement of 25-2-2016 also pledged that MAS would act in "*good faith*" to determine fair and equitable compensation, and that MAS has insurance coverage in place to meet its obligations to pay such compensation, thereby inviting family members of the passengers of MH370 to

commence legal suit against MAS, and to claim compensation therefrom.

37      By such conduct, the Administrator had waived the moratorium under the MAS Act, and is now estopped from relying on the same to preclude the Plaintiffs from bringing this suit against MAS.

38      In any event, the Plaintiffs are suing other necessary and proper parties in this civil suit to whom the MAS Act and moratorium do not apply.

39      In these circumstances, the Plaintiffs contend that the refusal of the Administrator to grant consent to the commencement of this suit does not bar or preclude the Plaintiffs from filing the same.

40      The 3rd Defendant, the Director General of the Department of Civil Aviation ("DCA"), is the regulatory authority for civil aviation in Malaysia and the operator of civilian air traffic control in Malaysian airspace, pursuant to Sections 2A and 2B of the *Civil Aviation Act*, 1969. The DCA operates under the control of the Minister of Transport ("MOT"). The DCA has an address for service at No. 27, Persiaran Perdana, Aras 1-4 Blok Podium, 62618 Putrajaya.

41         The 4th Defendant, the Royal Malaysian Air Force ("RMAF"), is a branch of the permanent, standing armed forces of Malaysia and is given legal status by Section 4 of the _Armed Forces Act_, 1972. RMAF's primary responsibility "inter alia" as expressly stipulated in Malaysia's National Defence Policy is the complete protection and defence of Malaysia's airspace. In military terms, it has sole and exclusive power over such airspace. The RMAF has an address for service at Bahagian Perhubungan Awam, Markas Tentera Udara, Tingkat 18.12, Wisma Pertahanan, Jalan Padang Tembak, 50634 Kuala Lumpur.

42         The 5th Defendant is the Federal Government of Malaysia ("Government"). The Government is, and was at all material times, the employer and/or principal of the DCA, RMAF and MOT (each being a governmental agency) and is accordingly vicariously liable for their acts. In addition, both MAS and Malaysia Airline are controlled and substantially owned by the Government, whether directly or indirectly. For these reasons, the Government is liable for all the actions and omissions of each of the Defendants (and MOT).

## C. LAW ON CIVIL AVIATION IN MALAYSIA

43         Civil aviation in Malaysia is heavily regulated. By the _Ministers of the Federal Government (No. 2) Order_, 2013 made

114

pursuant to the *Ministerial Functions Act*, 1969, the MOT, acting through the then Minister of Transport Datuk Hishamuddin Hussein ("Hishamuddin"), is charged with responsibility over MAS, Malaysia Airline and the DCA. The MOT is also responsible for formulating, implementing and co-ordinating policies and strategies for air transport and air traffic rights.

44      In 1958, Malaysia ratified the *Chicago Convention on International Civil Aviation*, 1944 ("Chicago Convention"), and became a member of the International Civil Aviation Organization ("ICAO"), which is an independent, international agency that sets standards and rules for international civil aviation.

45      As a member of ICAO, the Government, whether through the DCA or otherwise, is ultimately under a duty :-

(i)      to ensure that the safety and security of flights are consistently maintained at the highest level possible; and

(ii)     to ensure the safety of Malaysian airspace for aircraft operations in conformity with the requirements specified in policies, regulations, standards and recommended practices of ICAO.

- 30 -

46          DCA's functions include the operation and/or regulation of *inter alia* :-

    (i)     control of air traffic and air space;

    (ii)    investigation of air accidents;

    (iii)   search and rescue operations; and

    (iv)    responsibility over public airports, and in particular, the Subang airport.

In consequence, DCA is the primary agency responsible for the safety of civilian air traffic in Malaysia.

47          By virtue of Section 2A of the <u>Civil Aviation Act</u>, 1969, the DCA is under a duty to :-

    (i)     exercise regulatory functions in respect of civil aviation and airport and aviation services, including the establishment of standards and their enforcement; and

    (ii)    represent the Government and nation in respect of civil aviation matters and to do all things necessary for this purpose.

48      In 2008, Malaysia was elected as a member of the 36 nation governing Council of the ICAO which then had a membership of 192. As a Council member, Malaysia, is, and was at all material times, fully aware of, and agreed to, all obligations placed on member nations by the ICAO.

49      The Air Traffic Management division of the DCA is responsible for the planning, implementation and operation of air traffic services in Malaysian airspace from 2 Flight Information Centers ("FIR"): Kuala Lumpur ("KL") and Kota Kinabalu ("KK"). Each FIR acts as the custodian over, and has responsibility for, the airspace within its jurisdiction : the KL FIR for West Malaysia and the KK FIR for East Malaysia. Both KL FIR and KK FIR come within the supervision and control of DCA.

50      Annex 13 to the Chicago Convention contains a list of international standards governing the conduct of aircraft accident and incident investigations by member nations. Annex 13 and the ICAO "*Accident/Incident Reporting Manual*" contain the following relevant requirements for aircraft accident investigations :-

    (i)     investigations are to be conducted by the state over which the accident/incident occurred, or if it did not occur over any state's territory, by the state in which the airplane was registered ("the investigating state");

- 32 -

    (ii)   the investigating state shall have independence and unrestricted authority in the conduct of its investigations;

    (iii)   the investigating state shall release a Preliminary Report within 30 days of the accident ("Preliminary Report");

    (iv)   it is critical that the information in a Preliminary Report be accurate so that ICAO may rely on them to provide future information on aircraft safety to its 192 member nations, and member nations can also independently act on it; and

    (v)   the investigating state must release a Final Report "*as soon as possible*" and "*with a minimum of delay*" ("Final Report").

51       Under Section 3 of the *Civil Aviation Act*, 1969, the MOT is empowered to make Regulations to give effect to the Chicago Convention and any Annex thereto, which the MOT did by enacting the *Civil Aviation Regulations*, 1996 (modelled principally on the United Kingdom's then-prevailing "*Air Navigation Orders*"), which :-

    (i)   apply to accidents occurring to or in any Malaysian aircraft, including situations where such aircraft go missing;

(ii) require the appointment of a Chief Inspector of Air Accidents to carry out aircraft accident investigations; and

(iii) empower the Chief Investigator to summon any person and require any document to be produced if considered relevant to the investigation.

52 The combined effect of the Acts, Regulations and Conventions pleaded in Paragraphs 43 to 51 above (all of which have the force of law in Malaysia) is that, in the event of an accident involving a Malaysian aircraft, the Government acting "inter alia" through the MOT and DCA is required to:-

(i) initiate formal investigations into the cause(s) of such accident;

(ii) prepare and release an accurate and truthful Preliminary Report within 30 days of such accident; and

(iii) prepare and release a comprehensive Final Report within 1 year of such accident.

## D. <u>LIABILITY OF MAS AND MALAYSIA AIRLINE,</u>

## <u>AS CARRIERS</u>

53      In 1999, the <u>*Convention for the Unification of Certain Rules for International Carriage by Air*</u> ("The Montreal Convention") was passed by the ICAO. Malaysia is a signatory to the Montreal Convention.

54      In or around 2007, Malaysia gave effect to the Montreal Convention by amending the <u>*Carriage by Air Act*</u>, 1974.

55      The Montreal Convention and <u>*Carriage by Air Act*</u>, 1974, prescribe *inter alia* the liability of carriers for the death of passengers on board an aircraft that crashes or goes missing.

56      MAS and Malaysia Airline are "*carriers*" within the meaning of the Montreal Convention and <u>*Carriage by Air Act*</u>, 1974.

57      By Section 5 of the <u>*Carriage by Air Act*</u>, 1974, Parliament expressly excluded the applicability of Malaysian written laws or any rules of law in respect of any liability for the death of a passenger on board an aircraft, within the meaning of Article 17 of the Montreal Convention. In consequence, Sections 7 and 8 of the <u>*Civil Law Act,*</u> 1956, and the cases decided by the courts on those

- 35 -

provisions have no application to fatal accidents caused by a carrier.

58      By Section 6 of the _Carriage by Air Act_, 1974, Parliament expressly confirmed the applicability in Malaysia of the following limitations on liability for death of a passenger contained in Article 21 of the Montreal Convention, which provides that :-

  (i)    a carrier shall not be able to exclude under any circumstances its liability for damages up to 113,000 Special Drawing Rights ("SDR"), or RM609,700.00, per passenger ("the cap"); and

  (ii)   a carrier can only claim the benefit of the said cap if that carrier is able to prove that :-

    (a)   such damage was not due to the negligence or other wrongful act or omission of the carrier, its servants or agents; or

    (b)   such damage was solely due to the negligence or other wrongful act or omission of a third party.

## E. <u>FACTS</u>

### (i)    Events on 8-3-2014 : From Take-off  to

### initiation of Search and Rescue Operations

59    The following narrative on the facts is based on documents released into the public domain, including contemporaneous newspaper reports, the Preliminary Report dated 9-4-2014 released by the Chief Inspector of Air Accidents (nominated by the MOT) ("Preliminary Report") and the Report dated 8-3-2015 titled '*Factual Information: Safety Investigation for MH370*' ("Report"). The Plaintiffs contend that the narrative remains incomplete, because of their sporadic, selective and partial nature, and the paucity of information released by each of the Defendants. In consequence, the Plaintiffs reserve the right to rely on such other events, circumstances and/or facts as they become known to them in the course of discovery, during trial or otherwise.

60    At all material times prior to 8th March 2014, MAS operated a daily international scheduled passenger flight from Kuala Lumpur to Beijing under the code 'MH370'. MAS used Boeing 777-200ER (*Extended Range*) 'Dreamliner' airplanes, manufactured by the Boeing Corporation of the United States of America, for such Kuala Lumpur – Beijing flights.

61        The Boeing 777 passenger aircraft is the world's most widely used long-distance commercial aircraft. It entered service in 1995 and by 2014, more than 1,900 Boeing 777's were operated worldwide by more than 60 airlines.

62        On 8th March 2014, at 00:42 (Malaysian time or "MYT"), MAS Flight MH370, bearing registration number '9M-MRO', departed the Kuala Lumpur International Airport ("KLIA") for Beijing, in the People's Republic of China ("MH370") (all references to time herein are MYT) There were 239 persons on board : 227 passengers of numerous nationalities and 12 crew. MH370 also carried the following cargo :-

(i)    2,453 kg of Lithium batteries;

(ii)    4,566 kg of Mangosteens; and

(iii)    2,934 kg of unidentified cargo.

63        Prior to, during and after take-off, MH370 came under the control and authority of the KL FIR.

64        MH370 was equipped with an 'Aircraft Communication Addressing and Reporting System' ("ACARS"), a satellite computer system by which the plane would regularly update its :-

    (i)    position, including latitude, longitude, speed, air temperature, total remaining fuel, wind direction, speed and heading; and

    (ii)    engine data during take-off, climb, cruise and landing approach.

These updates would be received by the Operations Control Center of MAS ("MAS OPS") and the relevant air traffic control centers, including at KL FIR and in Vietnam and China.

65        MH370 was also equipped with a Satellite Communications system designed and manufactured by a British company, Inmarsat, plc ("SATCOM"). The SATCOM system communicates with airplanes at a minimum frequency of no less than 30 minutes to ascertain their location by way of a "handshake" signal.

66        MH370 was also equipped with 2 crash-protected flight recorders designed to record more than 1,300 different flight parameters through the last 25 hours of flight in the event of a crash, commonly referred to as 'black boxes' ("Black Boxes"). Both Black Boxes were equipped with underwater locator beacons which were activated by immersion in water, and would transmit their location for up to 30 days after a crash.

- 39 -

67        The intended flight plan for MH370 involved flying northeast from Kuala Lumpur and above Peninsular Malaysia, before crossing the South China Sea and entering Vietnamese airspace between 2 navigational flight points named "IGARI" and "BITOD," which would have occurred on 8th March 2014 at 01:22, whereupon MH370 would pass into the area of jurisdiction and control of the Vietnamese civil aviation authorities, that is, the Ho Chi Minh (Vietnam) Air Traffic Control Center ("HCM").

68        At 00:43, KL FIR informed HCM that MH370 would arrive at waypoint 'IGARI' at 01:22.

69        At 00:50:00, MH370 reported to KL FIR that it was climbing to an altitude of 35,000 feet. At 01:01 and 01:07, MH370 reported to KL FIR that it was maintaining that height.

70        MH370 made regular ACARS transmissions from its take-off until 01:07.

71        At 01:19:26, KL FIR instructed MH370 to make contact with HCM by radio. MH370 acknowledged these instructions with its final recorded audio transmission from the cockpit: "*Good night Malaysia Three Seven Zero*".

- 40 -

72      The next radio contact between KL FIR and MH370 should have occurred at 01:22, when MH370 should have reached waypoint 'IGARI'.

73      At 01:21:13, however, MH370's radar symbol disappeared from the radar displays of KL FIR and HCM. This was the first indication of trouble on board MH370. MAS and DCA had actual contemporaneous knowledge, or ought to have known, of this fact, thereby putting the said Defendants on notice that something was amiss about the flight. Yet both Defendants did not take any remedial steps.

74      The terms of the Operational Letter of Engagement between the Vietnamese civil aviation authorities and the DCA stipulated that emergency and/or remedial measures had to be taken in the event any aircraft could not be contacted after 5 minutes of passing from KL FIR's jurisdiction into HCM's jurisdiction.

75      At the same time (01:21:13), RMAF's military radar showed the radar return of MH370 turning right and almost immediately making a left turn, resulting in MH370 changing its heading from 'Northeast' towards Vietnam to 'Southwest'. Thus, RMAF's military radars showed that MH370 was heading in the complete opposite direction of its scheduled flight path. In

consequence, RMAF had actual contemporaneous knowledge, or ought to have known, of this fact, thereby putting it on notice that something had gone terribly wrong with MH370. Yet RMAF did not take any remedial action.

76      The DCA's 'Standard Operating Procedure for Search and Rescue of the Kuala Lumpur Aeronautical Rescue Co-ordination Center' ("SAR Procedure") requires :-

(i)     in the event that the position of an aircraft in distress could not be established (as occurred to MH370 at 01:21:13), responsibility for search and rescue operations fell on the Air Traffic Control Center responsible for the region that the aircraft was in, according to its last reported position;

(ii)    all initial action regarding an aircraft's overdue check-in was to be taken by that Air Traffic Control Center within 3 minutes of the aircraft failing to make a position report; and

(iii)   such initial actions included informing the appropriate civil and military radar units.

77        MH370's last required position report was at 01:22 at waypoint 'IGARI', which is within the jurisdiction of KL FIR. Thus, KL FIR was responsible for informing civil and military radar units and initiating search and rescue operations for MH370 within 3 minutes of MH370 failing to make that position report at 01:22, that is, by 01:25.

78        In consequence, KL FIR was required by law to have informed RMAF military radar and to have initiated a search and rescue operation by 01:25 at the very latest. KL FIR, however, failed to take any such action until 06:32. Thus, a total of 5 hours and 13 minutes elapsed between the last message expected from MH370 and the initiation of search and rescue operations by KL FIR. In consequence, KL FIR (and its parent organization, DCA, as pleaded in Paragraph 49 above) was grossly negligent in omitting to act for the critical period of 5 hours and 13 minutes, which would have saved MH370.

79        Significantly, the Report states that "*[a]s the custodian of the airspace, the KL ATCC was the key witness to the event, having transferred MH370 to HCM 3 minutes before the estimated time of arrival (ETA) over the Transfer of Control Point (TCP)*".

80        At 01:38:19, HCM enquired from KL FIR about the whereabouts of MH370, and stated that verbal contact had not been

- 43 -

established with MH370. Thus, KL FIR had, at least as of 01:38:19 and likely before, actual knowledge that MH370 had not entered Vietnamese airspace, and that MH370 had disappeared from the radar displays of both HCM and KL FIR.

81      Only at 01:41:23 (some 20 minutes after its disappearance from radar), did KL FIR attempt for the very first time to contact MH370 by radio, but received no response from the aircraft. Despite the continued silence from MH370 over the next few hours, KL FIR took no further action.

82      At 01:46:47, HCM informed KL FIR that MH370's observed radar signal had disappeared at waypoint 'BITOD', which was the next radar waypoint after 'IGARI' on MH370's intended flight route. HCM also informed KL FIR for the second time that it had repeatedly attempted to call MH370 without success.

83      From 01:21:13 to 01:52:35, RMAF's military radar tracked MH370 from its position over the South China Sea (northeast of Peninsular Malaysia) to a position just south of Pulau Penang, off the northwest coast of Peninsular Malaysia. Yet, despite knowing that something had gone terribly wrong with MH370, RMAF took no action in that 31 minute period while MH370 was in Malaysian air space. By such inaction and omission, RMAF acted in gross negligence.

84        At 01:57:02, HCM for the third time informed KL FIR that there was still no contact with MH370.

85        To the knowledge of RMAF, MH370 made a second radical turn to change its heading from 'Southwest' to 'Northwest'. RMAF's military radar continued to track MH370 for another 10 minutes through this maneuver. At 02:02:59, RMAF registered MH370's position over Pulau Perak, a small island in the Straits of Malacca, which is almost equidistant between Peninsular Malaysia and Sumatra, Indonesia (Pulau Perak lies northwest of Pulau Penang). Again, despite knowing that something had gone terribly wrong with MH370, RMAF took no remedial action, thereby acting in gross negligence.

86        At 02:03:48, KL FIR informed HCM that MH370 was in Cambodian airspace, which was approximately 500 kilometres from MH370's actual location in the Straits of Malacca. This piece of gross mis-information was allegedly received and believed by KL FIR from MAS. HCM again stated that there had been no radar or verbal contact with MH370.

87        At 02:07:47, HCM sought confirmation from KL FIR that MH370 was in Cambodian airspace and under the control of Phnom Penh FIR because the latter did not have any information on MH370.

88      At 02:11:37, HCM enquired for the fourth time from KL FIR on the status of MH370.

89      At 02:15, MAS OPS informed KL FIR that "*MH370 was able to exchange signals*" and was "*flying in Cambodian airspace*". This was not a truthful statement. The source of MAS's mis-information has never been made known.

90      At 02:18:53, HCM responded to a query by KL FIR, stating that MH370's flight path was only through Vietnamese and not Cambodian airspace. HCM also informed KL FIR that HCM had checked with Cambodian civil aviation authorities, with the latter confirming that they had no information on or contact with MH370.

91      RMAF's military radar continued to track MH370 for another 20 minutes until MH370 disappeared from RMAF's radar at 02:22:12. This was the last known radar position of MH370. However, MH370 continued to broadcast its position using the Inmarsat SATCOM satellite tracking system. Astonishingly and again, RMAF took no action, thereby acting in with gross negligence.

92      At 02:33:59, KL FIR enquired from MAS OPS about communications with MH370. Contrary to its statement at 02:15 that MH370 was flying in Cambodian airspace, MAS OPS informed KL

FIR that MH370 was still sending the "*movement message indicating somewhere in Vietnam*" and giving MH370's position at 02:33 at co-ordinates N14.90000 E109 15500. This was not a truthful statement. The source of MAS's information has never been made known.

93      At 02:34:56, HCM enquired for the fifth time from KL FIR about the status of MH370, but was informed that KL FIR was checking with MAS OPS.

94      At 02:37:34, KL FIR informed HCM that MH370 was still flying and continuing to send position reports, and relayed the MH370 location co-ordinates received from MAS OPS. This, again, was not a truthful statement. The source of KL FIR's information has never been disclosed.

95      At 02:53:47, both HCM and KL FIR requested another MAS aircraft in the vicinity, MH486, which was en route from Kuala Lumpur to Shanghai, to attempt contact with MH370 on KL FIR radar frequencies and emergency radio frequencies. Whether MH486 acted on this request is not known. What is known is that no response was received from MH370.

96      At 03:30, MAS OPS, for the very first time, informed KL FIR that all of the information previously provided by MAS OPS to KL FIR on MH370 was based on flight projections (and not actual

data), such flight projections not being "*reliable for aircraft positioning*" : see Item 9 of the Preliminary Report's attached Timeline.

97      Accordingly, at 03:30, KL FIR had actual knowledge that nobody knew where MH370 was, and that nobody had been able to establish communication with MH370 for more than 2 hours, that is, since 01:21. Yet KL FIR took no remedial action.

98      Instead of alerting the RMAF (which independently was aware of the true facts, as pleaded above) or initiating search and rescue operations, KL FIR enquired at 03:30:03 and 03:48:52, respectively, whether HCM had checked with the next FIRs on the flight path to Beijing viz. Hainan and Sanya. HCM replied, stating that it had not received any response from these FIRs.

99      At 05:18:32, KL FIR enquired from HCM whether HCM had received any information from Hong Kong or Beijing civil aviation authorities.

100      At 05:20:17, an unnamed Captain requested information on MH370, and opined that, based on known information, "*MH370 never left Malaysian airspace*".

101     At 05:30, that is, 4 hours and 11 minutes after the last communications with MH370 at 01:21, KL FIR allegedly activated the Kuala Lumpur Aeronautical Rescue Co-ordination Center ("KL ARCC"), the department of the DCA responsible for co-ordinating search and rescue operations for aircraft. However, no distress message was issued. Significantly, the KL ARCC activation document produced by the DCA does not bear any official time stamp. Hence, the Plaintiffs cannot say with any certainty when the activation actually occurred.

102     At 05:41:20, HCM enquired for the sixth time for any updates on MH370.

103     At 06:14:13, KL FIR enquired from HCM whether search and rescue operations had been activated.

104     At 06:30, MH370 was scheduled to land in Beijing, but did not arrive.

105     At 06:32, that is, 1 hour and 2 minutes after being notified by KL FIR of MH370's disappearance, KL ARCC issued a distress message for MH370. There was no activity recorded at the KL ARCC in the 1 hour and 2 minute period between 05:30 and 06:32 (as pleaded in Paragraph 101 above).

106    The last hourly Inmarsat SATCOM satellite communication with MH370 took place at 08:19 on 8-3-2014, thereby suggesting that MH370 was still air-borne at that point of time, some 8 hours after departing from KLIA.

107    Meteorological data confirmed that there were no thunderstorms, lightning discharges, rain or other significant adverse weather phenomena reported for the duration of MH370's flight from take-off to the IGARI and BITOD waypoints.

**(ii)    Post-Disappearance Press Communications by the Government of Malaysia**

108    In the first week following MH370's disappearance (8-3-2014 to 15-3-2014), search and rescue operations involving 14 countries, 43 ships and 58 aircraft took place off the coast of South Vietnam in the South China Sea. The disappearance of MH370 and the search and rescue operations immediately captured the attention of the media worldwide receiving 24 hour a day media coverage across the globe.

109    As the nation state in which MH370 was registered, from which MH370 took-off and was last reported to be within, Malaysia took the lead in directing search and rescue operations. As the ministry with jurisdiction over civil air traffic in Malaysia, MOT was

also responsible for conducting investigations into its disappearance pursuant to the Chicago Convention and the *Civil Aviation Act*, 1969.

110     Press conferences on the search and rescue operations were given from time to time by the Prime Minister Najib Razak ("Najib"), Acting Minister of Defence and Minister of Transport Hishamuddin and the Director General of the DCA. Their less than candid and at times contradictory statements about MH370's disappearance and the progress of the search, coupled with the paucity of detail they provided about the rescue operations, gave rise to dissatisfaction among other countries participating in the search, as well as huge public outcry, particularly on the part of the families of the passengers, including the Plaintiffs. In particular, the uncertainty about the fates of their loved ones, propagated by the Defendants' negligence and the Defendants' wilful misconduct during the search, has resulted in a lack of finality and closure that has caused the Plaintiffs unprecedented emotional and physical pain, distress, and mental suffering.

111     On 11-3-2014, General Rodzali Daud, commander of the RMAF, was reported by the 'Berita Harian' newspaper as stating, for the first time publicly, that RMAF military radar had tracked MH370 to a location in the Straits of Malacca, hundreds of kilometres away from the then ongoing search and rescue operations in the South

China Sea. Other RMAF officials confirmed this fact to the Associated Press and Reuters news agencies. However, the very next day, on 12-3-2014, General Rodzali Daud denied ever having made such a statement. Despite having actual knowledge by 01:21:12 on 8th March that MH370 had "turned back" and was not on the flight path to Beijing, RMAF allowed the search to take place in the wrong place, viz. the South China Sea.

112      Also on 11-3-2014, MAS released a statement that the Straits of Malacca were the "*main focus*" of search and rescue operations. MAS later claimed that those words were a "mistake".

113      On 14-3-2014, China's Foreign Ministry, in criticizing Malaysia's conduct of search operations, requested that Malaysia disclose all information and added that, "*unless transparency is assured, the huge international search operation can never be as fruitful as we expect*". Vietnam also complained that it was not given access to satellite photos and information on the search.

114      On 15-3-2014, Najib announced for the very first time that MH370 had continued flying for 7 hours after the loss of radio contact at 01:22 on 8-3-2014, and that "*according to satellite evidence, the plane could be anywhere from Kazakhstan to the Indian Ocean*".

115     On 17-3-2014, it was revealed that the co-pilot of MH370 may have tried to make a telephone call with his cellphone while the plane was flying over Penang. The plane was also reported as having descended from 35,000 to approximately 5,000 feet of altitude at that time.

116     On 24-3-2014, further analysis of the Inmarsat SATCOM data allegedly revealed that MH370 ended its flight in the southern part of the Indian Ocean, northwest of Australia. Najib publicly announced that MH370 had "*ended*" there, thereby suggesting that it had crashed there.

117     From 24-3-2014, Australia took charge of the search and rescue operations.

118     On 9-4-2014, the MOT prepared the Preliminary Report detailing its findings from the first 3 weeks of its investigations, from 8-3-2014 until 1-4-2014. It is an extremely brief 5 page document containing a mere 2 pages of double spaced narrative on the events occurring from MH370's take-off from Kuala Lumpur at 12:40 until the last Inmarsat SATCOM communication at 08:19 on 8-3-2014. The Preliminary Report was sent to the ICAO on 1-4-2014.

119      However, despite the scanty information released to the passengers' families (including the Plaintiffs), the Preliminary Report was only made public on 1-5-2014, almost 3 weeks later.

120      The Preliminary Report failed to disclose that RMAF military radar tracked MH370 for 1 hour after radio contact was lost, and it never mentioned the directional change MH370 made, which resulted in its final course being northwest towards India and not southeast towards Australia. These were material omissions.

121      On 1-5-2014, Hishamuddin, in a Press Statement made when publicly releasing the Preliminary Report, extracts from alleged audio recordings from MH370 ("Audio Recordings") and MH370's cargo manifest :-

  (i)    stated that it was the Malaysian Government's policy, as decided by Najib, that "*as long as the release of a particular piece of information does not hamper the investigation or search operation, in the interests of openness and transparency, the information should be made public*";

  (ii)   publicly disclosed that the RMAF's military radar had tracked "*an aircraft*" making a turn-back, across peninsular Malaysia, but that the aircraft was

"*categorized as friendly by the radar operator and therefore no further action was taken at the time*". However, Hishamuddin did not explain why the RMAF considered that unknown aircraft as "*friendly*". Nor did he explain why, even if friendly, RMAF did not notify anyone that a civilian commercial aircraft with 239 people on board had suddenly turned and begun traveling in the wrong direction; and

(iii)   most importantly, asserted that the RMAF military radar data was reviewed at 08:30 on 8-3-2014 (6 hours after MH370 disappeared) and was made known to both Hishamuddin and Najib by 10:30 that day, following which search and rescue operations were allegedly also initiated, solely by Malaysia, in the Indian Ocean on a purely clandestine basis, while the South China Sea search and rescue operations were being undertaken with a maximum of publicity.

122     On 3-5-2014, NBC News of the USA aired an interview with several audio-video forensic experts in which it was alleged that the Audio Recordings were clearly edited, and therefore neither truthful, accurate nor reliable.

123     Also on 3-5-2014, MAS for the first time asserted that the false information given by the MAS OPS center – which had said that MH370 had entered Cambodian airspace – was due to an alleged "fault" in its computer tracking system that caused the label 'Cambodia' to appear when a map of Vietnam was displayed.

124     On or about 19-5-2014 (73 days after MH370 disappeared), in an interview with Australian television program 'Four Corners', Hishamuddin stated for the first time that :-

    (i)     the RMAF had allegedly been instructed by Malaysian civil aviation authorities to "*keep an eye on the plane*"; and

    (ii)    notwithstanding such instructions, the RMAF did not send any aircraft up to investigate as "*it was not deemed a hostile object and pointless if you are not going to shoot it down*".

125     However, in the same interview, retired Malaysian Navy First Admiral Imran Abdul Hamid stated that :-

    (i)     there ought to have been a team of up to 5 officers at the RMAF base at Butterworth, Penang, manning military

radar looking for unidentified aircraft entering Malaysia's airspace;

(ii)    the RMAF should have reacted to MH370 passing over Peninsular Malaysia because, as an unidentified aircraft, it was a threat to national security; and

(iii)   the RMAF's failure to send a fighter jet to investigate the then unidentified MH370 was a breach of standard operating procedures.

126     The alleged instructions by Malaysian civil authorities to the RMAF about MH370 are not contained in the Preliminary Report, the Report or any audio or written logs of communication. Hishamuddin's statement was also not candid because the Report states that KL FIR first became aware of MH370's disappearance at 03:30 on 8-3-2014, some 82 minutes after the RMAF military radar stopped tracking MH370 at 02:22 that day.

127     On 27-5-2014, the Government finally released a selectively edited portion of the Inmarsat SATCOM data to the public. To date, neither the Government of Malaysia nor Inmarsat have published the raw SATCOM data from MH370. Therefore, an independent review of that data has been impossible.

128      When initially asked for that data by the families of passengers on board MH370, including the Plaintiffs, the Government of Malaysia claimed that it did not have the data. Such a claim was not true, and was refuted by Inmarsat, which later stated that it had provided all of the SATCOM data to the Government of Malaysia "*at an early stage in the search*" and that, in fact, it had briefed Najib on that data 10 days into the search, that is, on or about 18-3-2014. This is a material misrepresentation by the Government of Malaysia.


## F. CASE AGAINST MAS AND MALAYSIA AIRLINE FOR LIABILITY UNDER THE MONTREAL CONVENTION

129      As pleaded in Paragraphs 53 to 58 above, MAS and Malaysia Airline are carriers within the meaning of the Montreal Convention and the *Carriage by Air Act*, 1974.

130      The family members of the Plaintiffs were passengers on board Flight MH370.

131      Flight MH370 resulted in an "accident" within the meaning of Article 17 of the Montreal Convention.

132      That "accident" led directly and proximately to the injury and death of everyone on board the plane.

133      Prior to March 8, 2014, the People's Republic of China signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

134      Prior to March 8, 2014, the Government of Malaysia signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

135      Because Flight MH370 was between points in two different nations, that is, between Malaysia and the People's Republic of China, and because both Malaysia and the People's Republic of China were, at the time of Flight MH370, signatories to the Montreal Convention, Flight MH370 constituted *"international carriage"* within the meaning of Article 1(2) of the Montreal Convention. The Montreal Convention is therefore applicable to this action pursuant to Article 1(1) of that treaty.

136      Article 39 of the Montreal Convention identifies two classes of carriers that are subject to liability.  One of those two classes is the *"actual carrier"*, which is defined as one who *"performs...the whole or part of the carriage."* Under Article 39, MAS (now Malaysia Airline) was the *"actual carrier"* of Flight MH370.

137      Pursuant to Article 17 of the Montreal Convention, the carrier, that is, MAS and Malaysia Airline, *"is liable for damage sustained in the case of death or bodily injury to a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."*

138      The liability of MAS and Malaysia Airline for the injuries and death of the passengers on board MH370 under the Montreal Convention is absolute, that is, it is premised on strict liability, up to the cap.

139      In addition, pursuant to Article 21(2) of the Montreal Convention, MAS and Malaysia Airline are liable to the Plaintiffs for all personal injury or wrongful death damages exceeding 113,000 SDR unless MAS and Malaysia Airline can prove that: (a) the injuries and death were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party.

140      For the reasons pleaded above, MAS and Malaysia Airline can prove neither of the exceptions to liability set forth in Article 21(2) of the Montreal Convention.

- 60 -

141      MAS and Malaysia Airline are therefore liable to the Plaintiffs for all compensatory damages and all damages to which the Plaintiffs may be entitled under applicable law.

## NEGLIGENCE

142      In addition to bringing a claim against MAS and Malaysia Airline under the Montreal Convention, the Plaintiffs contend that MH370's disappearance and the death of the 239 passengers and crew on board (including the 32 passengers who were relatives of the Plaintiffs) was caused wholly or substantially by the negligence of MAS. Malaysia Airline, as the successor entity to MAS, is as mentioned liable for MAS's liabilities to the extent MAS is not able to cover those liabilities. The Plaintiffs also rely on the principle of *res ipsa loquitor* against MAS. The negligence of MAS and Malaysia Airline also resulted in a lack of finality and closure for the Plaintiffs that has caused the Plaintiffs unprecedented emotional and physical pain, distress, and mental suffering.

## PARTICULARS OF NEGLIGENCE

(i)      Failure to inform KL FIR that all of the information provided by MAS OPS was based on "projections" and not actual contact with MH370, contributing to KL FIR's inaction and causing the

- 61 -

delay of search and rescue operations for MH370.

(ii)     Misleading KL FIR and HCM and other relevant authorities by stating that MH370 was in "Cambodian" airspace when Cambodia was never even in MH370's flight route.

(iii)    Failing to properly maintain its computer tracking system so as to avoid the "fault" that caused the label 'Cambodia' to appear when a map of Vietnam was displayed.

(iii)    Failing to share accurate information with KL FIR and RMAF in the minutes and hours after 1:21:13 on 8th March 2014, resulting in delay and prejudice to search and rescue operations which ought to have been immediately initiated.

(iv)     Failure to disclose the identity of cargo weighing some 2,934 kg (or 6468 lbs.) on the cargo manifest.

(v)      Negligent and reckless conduct of MAS in allowing lithium batteries totalling 2,453 Kg (or

5,407 lbs.) to be carried in a passenger aircraft (as opposed to a cargo plane), particularly when the Air Way bill itself expressly stated that 'flammability hazards exist if the package is damaged'.

(vi)    Such other negligent acts pleaded in Paragraphs 59 to 128 above.

(vi)    Such other negligent acts based on events, circumstances and/or facts as may become known to the Plaintiffs in the course of discovery, trial or otherwise.

## CLAIM OF BREACH OF CONTRACT

143    At all material times, MAS was the owner and operator of MH370 and was responsible for its safe operation and management. The Plaintiffs contend that it was an express or implied term of the contract of carriage entered into by MAS with the 227 passengers on board MH370 (including the 32 relatives of the Plaintiffs) that MAS would be responsible for the airworthiness of MH370 and the safety of all the passengers on board. The Plaintiffs contend that MAS breached this term of the contract of carriage. This breach by MAS also resulted in a lack of finality and closure for the Plaintiffs

that has caused the Plaintiffs unprecedented emotional and physical pain, distress, and mental suffering. Again, as the successor to MAS, Malaysia Airlines is liable for all of MAS's liabilities to the extent MAS is not able to pay those liabilities.

### PARTICULARS OF BREACH OF CONTRACT

The Plaintiffs shall rely on the particulars pleaded in Paragraph 142 above as particulars of breach of contract and such other events, circumstances and/or facts as become known to the Plaintiffs in the course of discovery, trial or otherwise.

### G. CASE AGAINST DCA, MOT, RMAF AND GOVERNMENT OF MALAYSIA

144    The Plaintiffs contend that MH370's disappearance and the death of the 239 passengers and crew on board (including the 32 passengers who were relatives of the Plaintiffs) was substantially caused by the DCA's and/or MOT's and/or RMAF's and/or the Government of  Malaysia's negligence. The Plaintiffs also rely on the principle of *res ipsa loquitor* against each of these Defendants. These Defendants' negligence also resulted in a lack of finality and closure for the Plaintiffs that has caused the Plaintiffs

unprecedented emotional and physical pain, distress, and mental suffering.

## PARTICULARS OF NEGLIGENCE

(i)     Failure of KL FIR to take any action at 1:21:13 or in the minutes following on 8th March 2014 when the radar signal for MH370 disappeared from the radar maintained by KL FIR.

(ii)    Failure of RMAF to take any action at 1:21:13 or in the minutes following on 8th March 2014 when its military radar showed the radar return of MH370 turning right and almost immediately making a left turn, resulting in MH370 changing its heading from "Northeast" towards Vietnam to "Southwest", that is, the complete opposite direction.

(iii)   Failure of KL FIR, MAS and RMAF to share accurate information openly and honestly with each other in the immediate minutes after 1:21:13 on 8th March 2014, and failure to coordinate search and rescue operations immediately thereafter.

(iv)    Failure of KL FIR to act on at least 6 messages from HCM over some 4 hours, from 1:38:19 to 5.41.20, that MH370 had not entered Vietnam airspace.

(v)    Failure of RMAF to take action, such as scrambling its jet-fighters to intercept and force MH370 to land or other remedial action during the time RMAF was tracking MH370 from 1:21:13 to 2:22:12 over Malaysian air-space, that is, for approximately 1 hour.

(vi)    Failure of KL FIR to activate the DCA's ARCC until at least 4 hours and 11 minutes after the last communications with MH370, in direct violation of protocol.

(vii)    Failure of DCA's ARCC to commence search and rescue operations or to take any remedial action for more than 1 hour after being informed of the disappearance of MH370, greatly prejudicing any chance of finding MH370.

(viii)    Failure of RMAF and the Government of Malaysia to inform the families of the passengers on board

MH370 (including the Plaintiffs) and the rescue teams that the search and rescue operations should have been conducted on the west coast of Peninsular Malaysia rather than over the South China Sea on 8th March 2014 and the subsequent days.

(ix)    Failure of the RMAF and the Government of Malaysia to tell the Plaintiffs the truth about their tracking of the position of MH370.

(x)    Failure of the RMAF and the Government of Malaysia to tell the Plaintiffs the truth about the fact that search and rescue operations were for the critical first few days conducted in the wrong part of the world.

(xi)    Such other negligent acts pleaded in Paragraphs 59 to 128 above.

(xii)    Such other negligent acts based on events, circumstances and/or facts as may become known to the Plaintiffs in the course of discovery, trial or otherwise.

## CLAIM OF CONSPIRACY

145      The Plaintiffs further contend that the MAS, DCA, RMAF, MOT, and the Government of Malaysia illegally conspired with each other in conducting their operations and investigations in such a grossly negligent manner as to obstruct, frustrate and/or prevent the discovery of their respective wrongful, dishonest and/or negligent acts in failing to properly supervise, control and/or timely detect the disappearance of MH370, causing delay in the conduct of MH370 search operations, which wholly or in part caused the death of the 239 passengers and crew on-board (including the 32 passengers who were relatives of the Plaintiffs) by depriving them of any possible chance of successful rescue, which by definition had to be undertaken immediately, and within minutes of 01:21:13. This conspiracy also has resulted in a lack of finality and closure for the Plaintiffs that has caused the Plaintiffs unprecedented emotional and physical pain, distress, and mental suffering.

## PARTICULARS OF CONSPIRACY

The Plaintiffs shall rely on the same particulars as are pleaded against MAS in Paragraph 142, against the DCA, RMAF and the Government in Paragraph 144 and in Paragraphs 108 to 128 above as particulars

of conspiracy and such other events, circumstances and/or facts as become known to the Plaintiffs in the course of discovery, trial or otherwise.

## **CLAIM OF FRAUD**

146      The Plaintiffs also contend that MAS, DCA, RMAF, MOT, and the Government of Malaysia fraudulently and dishonestly concealed information relevant to the disappearance of MH370 from the public (including the Plaintiffs) and the other countries assisting in the MH370 search operations by deliberately omitting material information from the Preliminary Report and Report, and making untrue and/or dishonest statements to the press as to the actions taken to track MH370 and the likely location of its disappearance in order to prevent discovery of their respective wrongful, dishonest and/or negligent acts in failing to properly supervise, control and/or timely detect the disappearance of MH370, causing delay in the conduct of MH370 search operations, which wholly or in part caused the death of the 239 passengers and crew on board (including the 32 passengers who were relatives of the Plaintiffs) by depriving them of any possible chance of successful rescue, which by definition had to be undertaken timely and quickly. Their fraud also has resulted in a lack of finality and closure for the Plaintiffs that

has caused the Plaintiffs unprecedented emotional and physical pain, distress, and mental suffering.

## PARTICULARS OF FRAUD

The Plaintiffs shall rely on the same particulars as are pleaded against MAS in Paragraph 142, against the DCA, RMAF and the Government in Paragraph 144 and in Paragraphs 108 to 128 above as particulars of fraud and such other events, circumstances and/or facts as become known to the Plaintiffs in the course of discovery, trial or otherwise.

147    Further and/or in the alternative and by the matters aforesaid, the DCA and/or MOT and/or RMAF and/or Government of Malaysia have committed the tort of misfeasance of public office.

## PARTICULARS OF TORT OF  MISFEASANCE
## OF PUBLIC OFFICE

The Plaintiffs shall rely on the same particulars as are pleaded against MAS in Paragraph 142, against the DCA, RMAF and

the Government in Paragraph 144 and in Paragraphs 108 to 128 above as particulars of the tort of misfeasance committed by public officers and such other events, circumstances and/or facts as become known to the Plaintiffs in the course of discovery, trial or otherwise.

## H. LOSSES SUFFERED BY THE PLAINTIFFS

148     By reason of the matters pleaded herein, 32 passengers on whom the Plaintiffs were dependent have perished by the disappearance of MH370. In consequence, the Plaintiffs by reason of the wrongful acts of the 5 Defendants (whether committed jointly or severally) as pleaded above, have suffered loss and damage, including :-

    (i)     Loss of present and future financial support;

    (ii)     Loss of services;

    (iii)     Loss of family love and affection; and

    (iv)     Irreparable psychological harm and trauma.

149      The Plaintiffs shall provide the particulars of their losses pleaded in Paragraph 148 above in the course of discovery or prior to or at trial.

## I. <u>RELIEF</u>

Accordingly, the Plaintiffs pray against the Defendants as follows :-

(i)      Special Damages;

(ii)     General Damages;

(iii)    Aggravated and/or Exemplary Damages against the 3rd to 5th Defendants;

(iv)     Costs of bereavement;

(v)      Costs to the Plaintiffs on a solicitor/client or full indemnity basis;

(vi)     Interest for such period and at such rate as the Court deems fit; and

(vii)   Further or other relief.


Dated this **3rd day of March, 2016**


.................................................

**Messrs Tommy Thomas**

**Solicitors for the
Plaintiffs abovenamed**

Steven C. Marks, Esq., and Roy K. Altman, Esq., of Podhurst Orseck, P.A., Miami, Florida, are American attorneys in good standing who have represented the Plaintiffs in this matter from inception. Messrs Marks and Altman are among the very few prominent lawyers in the world who have developed a specialized level of expertise in aviation matters of this kind. Accordingly, pursuant to Section 18 of the *Legal Profession Act*, 1976, an application will be made in due course to the High Court of Malaya for an order to admit Messrs Marks and Altman to appear as counsel at the trial and other interlocutory hearings in this civil suit.

This **Statement of Claim** is filed by Messrs Tommy Thomas of 101, Jalan Ara, Bangsar Baru, Bangsar 59100 Kuala Lumpur, Solicitors for the Plaintiffs above-named. [Ref: TT/GN/2015 3314] (Tel: 2287 3540) (Fax: 2284 8892)