# EXHIBIT 1

**Motion in Limine and Memorandum in Support,**

**Estate of Mukherjee, Circuit Court of Cook County, Probate Court**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

| | |
|---|---|
| Estate of: ) | |
| ) | |
| ) | |
| Muktesh Mukherjee, ) | No. 2014 P 3365 |
| ) | |
| Presumed Deceased. ) | |

## MOTION IN LIMINE FOR ADMISSION OF PUBLIC RECORDS

Petitioner, UMA SUKHALOKH MUKHERJEE, by and through her attorneys, MAYER BROWN LLP, respectfully moves the Court *in limine* to admit into evidence the following documents pursuant to Rules 803(8), 903(5) and 902(3) of the Illinois Rules of Evidence in support of Petitioner's Petition for Probate of Will and For Letters of Administration With Will Annexed Upon Presumption of Death: (1) the Passenger Manifest for Malaysia Airlines Flight 370 ("MH370") published by Malaysia Airlines; (2) the Certifications from Malaysia Airlines officials confirming that Muktesh Mukherjee and his wife, Xiaomo Bai, were passengers on MH370; and (3) the Questionnaire and Process for Advance Compensation Payment to Passenger Families of MH370 sent to Petitioner by a Malaysia Airlines representative.

WHEREFORE, Petitioner prays this Honorable Court admit into evidence Exhibits 1 through 3 for purposes of Petitioner's Petition for Probate of Will and For Letters of Administration With Will Annexed Upon Presumption of Death.

DATED this 29th day of July, 2014.

_____
Richard A. Campbell
Gina E. Oderda
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Attorney No. 43948

*Counsel for Petitioner*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

| | |
|---|---|
| Estate of: ) | |
| ) | |
| ) | |
| Muktesh Mukherjee, ) | No. 2014 P 3365 |
| ) | |
| Presumed Deceased. ) | |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR ADMISSION OF PUBLIC RECORDS

NOW COMES the Petitioner, UMA SUKHALOKH MUKHERJEE, by and through her attorneys, MAYER BROWN LLP, and moves the Court *in limine* pursuant to Rules 803(8) 902(5) and 902(3) of the Illinois Rules of Evidence to admit the following documents published and distributed by Malaysia Airlines, an agency of the Malaysian government, in support of Petitioner's Petition for Probate of Will and For Letters of Administration With Will Annexed Upon Presumption of Death: (1) the Passenger Manifest for Malaysia Airlines Flight 370 ("MH370") published by Malaysia Airlines (the "Manifest"); (2) the Certifications from Malaysia Airlines officials confirming that Muktesh Mukherjee and his wife, Xiaomo Bai, were passengers on MH370 (the "Certifications"); and (3) the Questionnaire and Process for Advance Compensation Payment to Passenger Families of MH370 sent to Petitioner by a Malaysia Airlines representative (the "Questionnaire").

### I. INTRODUCTION

Petitioner has filed a Petition for Probate of Will and For Letters of Administration With Will Annexed Upon Presumption of Death pursuant to 755 ILCS 5/6-20. Section 5/6-20 requires Petitioner to show the facts and circumstances raising the presumption of death for Muktesh Mukherjee. Muktesh Mukherjee was a passenger on MH370 on March 8, 2014. Exhibits 1 through 3 to this Motion are confirmations from Malaysia Airlines that Muktesh Mukherjee and

Xiaomo Bai were passengers on MH370. As Petitioner demonstrated in a separate motion before this Court, MH370 was lost on March 8, 2014, and, despite massive search efforts, all attempts to locate the missing plane have proved unsuccessful. The documents that are the subject of this motion are relevant to show the facts and circumstances raising the presumption of death for Muktesh Mukherjee, and as discussed below are admissible pursuant to Rules 803(8), 902(5) and 902(3) of the Illinois Rules of Evidence.

## II. DESCRIPTION OF THE DOCUMENTS TO BE ADMITTED

### A. Passenger Manifest for MH370

The Manifest, Exhibit 1, was prepared and subsequently published by Malaysia Airlines, an agency of the Malaysian government, concurrent with and upon the boarding of all passengers on MH370 on March 7, 2014. The Manifest, which lists all passengers on board MH370 at takeoff, can be found at http://www.malaysiaairlines.com/content/dam/malaysia-airlines/mas/PDF/MH370/Malaysia%20Airlines%20Flight%20MH%20370%20Passenger%20Manifest_Nationality@10Apr.pdf.

### B. Certifications that Muktesh Mukherjee and Xiaomo Bai were on board MH370

The Certifications, Exhibit 2, signed by an official of Malaysia Airlines System Berhad, state that Muktesh Mukherjee and Xiaomo Bai were passengers on MH370 on March 8, 2014. These Certifications, dated May 4, 2014, were given to the families of Muktesh Mukherjee and Xiaomo Bai by Malaysia Airlines.

### C. Questionnaire and Process for Advance Compensation Payment to Passenger Families of MH370

The Questionnaire, Exhibit 3, was sent to Petitioner on June 26 2014 by an official of Malaysia Airlines. Exhibit 3 explains the procedures for receiving compensation for the loss of family members aboard MH370 and includes a form to be completed by Petitioner. The letter accompanying the Questionnaire is signed by a Malaysia Airlines official. Uma Mukherjee Dep., July 15, 2014, [page 26]:[line 11]-[page 28]:[line 10], attached as Exhibit 4.

### III. MALAYSIA AIRLINES IS A GOVERNMENT ENTITY

#### A. Malaysia Airlines is a Government Linked Company and the majority of its shares are owned by the Malaysian Government.

Malaysia Airlines is designated a Government Linked Company ("GLC"), which is a company that has "a primary commercial objective and in which the Malaysian government has a direct controlling stake. Controlling stake refers to the government's ability (not just percentage ownership) to appoint [members of the Board of Directors], senior management, make major decisions (e.g contract awards, strategy, restructuring and financing, acquisitions and divestments etc.) for GLCs." Khazanah Nasional Website, Frequently Asked Questions, available at http://www.khazanah.com/faq.htm#ques8. As of April 23, 2014, Khazanah Nasional Berhad, the Malaysian government's investment arm and holding company, owned a 69.37% interest in Malaysia Airlines. *Malaysia Airlines 2013 Annual Report*, page 159. Further, the Malaysian government is allotted a "Special Share" in *Malaysia Airlines*, which gives the government the right to appoint directors of the airline, a right to priority repayment of the capital paid on the special share in the event of winding up of the airline, and the right to require the airline to redeem the Special Share at any time. *Id.* at 118.

### B. Congress and the federal courts have determined that companies controlled and owned by a foreign government are agencies of that government.

Neither the Illinois rules of evidence nor the federal rules of evidence define a governmental agency. However, in the context of the Foreign Sovereign Immunities Act, 28 USC 1603(b) (the "FSIA"), courts have consistently held that state-owned or state-controlled companies are instrumentalities of a foreign government. *See In re Air Crash Disaster*, 96 F.3d 932 (7th Cir. 1996) ("a foreign instrumentality owned by a foreign state is considered a foreign state for immunity purposes") and *United States to Pakistan, Ahmed v. United Airlines, Inc.*, 1998 WL 289294 (N.D. Cal. 1998) (finding that a foreign airline was an "agency or instrumentality of a foreign state" within the meaning of 28 U.S.C.A. § 1603(b) as a majority of the shares of the airline were owned, in the aggregate, by foreign countries). While the FSIA's statutory definitions and subsequent judicial interpretation are not controlling with respect to the Rules of Evidence, the statute and relevant case law demonstrate that Congress and federal courts have concluded that state-owned or state controlled companies such as Malaysia Airlines, should be treated as foreign governmental agencies.

## IV. THE DOCUMENTS ARE ADMISSIBLE, SELF-AUTHENTICATING PUBLIC RECORDS

### A. The documents constitute public records and therefore are admissible in Illinois for the truth of the matter asserted.

The Illinois Rules of Evidence provide that public records are excepted from the prohibition against hearsay. These documents are defined as "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report..." Ill. R. Evid. 803(8) (eff. Apr. 26, 2012). As explained above, because Malaysia Airlines is a government agency, the Manifest, the Certifications and the

4

Questionnaire, as documents regarding Malaysia Airlines' official activities and observed pursuant to a legal duty, are all public records.

The policy underlying this Rule is that such documents, which reflect regularly conducted governmental activities, "are made reliable 'by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record.' " *Steward v. Crissell*, 681 N.E.2d 1040, 1042 (Ill. App. Ct. 1997) (quoting Fed.R.Evid. 803 advisory committee notes). *See also Vill. of Arlington Heights v. Anderson*, 963 N.E.2d 949, 953 (Ill. App. Ct. 2011) ("public documents kept in the ordinary course of business are generally admissible ... due to the inconvenience to the public official in requiring him to testify, the trustworthiness of one charged with a public duty, and the fact that there is no motive for falsifying or misrepresenting"). Reports or statements published by public offices and agencies of foreign governments are covered by Rule 803(8). *See In re Parmalat Sec. Litig.*, 477 F. Supp. 2d 637, 640 (S.D.N.Y 2007) (finding that Rule 803(8) applies to foreign documents); *see also FAA v. Landy*, 705 F.2d 624, 633 (2d Cir. 1983) (same).[1]

### B. The documents are self-authenticating.

#### i. The Manifest is a self-authenticating official publication.

The Manifest, Exhibit 1, that Petitioner seeks to admit was published on the Malaysia Airlines website and otherwise distributed to the public. "Where a foreign public document is an official publication, it may be self-authenticating under Rule 902(5)." § 7137 Subdivision (3) — Foreign Public Documents, 31 Fed. Prac. & Proc. Evid. § 7137 (1st ed.). Specifically, Rule

---

[1] On January 1, 2011, Illinois adopted rules of evidence modeled after the Federal Rules of Evidence. Though the Illinois Rules of Evidence are not identical to the Federal Rules, the notable departures are not at issue in this case. Illinois courts look to relevant federal case law when interpreting the Rules. *Governing rules*, 3A Nichols Ill. Civ. Prac. § 57:2.

5

902(5) states that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following...(5) Official Publications. Books, pamphlets, or other publications purporting to be published by public authority." Ill. R. Evid. 902(5) (eff. Apr. 26, 2012). Documents included on government websites are self-authenticating publications for the purposes of Rule 902(5). *See United States EEOC v. E.I. duPont de Nemours & Co.*, 2004 U.S. Dist. LEXIS 20753 (E.D. La. Oct.18, 2004) (finding admissible a printout — which the court was able to independently access online — of a table from the United States Census Bureau website providing employment data of disabled people). In addition, as defined in Black's Law Dictionary, publication means "to make known to people in general; to bring before public... The act of publishing anything; offering it to public notice, or rendering it accessible to public scrutiny." *Black's Law Dictionary* (9th ed. 2009), *available at* Westlaw BLACKS. The Manifest was created by the Malaysian government via its agent, Malaysia Airlines, and was published on the official Malaysia Airlines website.

    ii. **The documents are self-authenticating foreign public records.**

Moreover, foreign public documents, or "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded in a public office, including data compilations in any form, is self-authenticating." 32A C.J.S. Evidence § 1169. Specifically, the Illinois Rules of Evidence provide:

> "A document purporting to be executed or attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of an embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States."

6

710564232.1 14453092

Ill. R. Evid. 902(3) (eff. Apr. 26, 2012). However, the certification is not necessary "[i]f reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents." *Id.* In such cases, "the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification." *Id.*

All the documents at issue in this Motion purport to be executed in an official capacity by person authorized by the laws of Malaysia. "Executed" is defined in Black's Law Dictionary as "completed; carried into full effect." *Black's Law Dictionary* (9th ed. 2009), *available at* Westlaw BLACKS. Specifically, the documents were prepared, and in the case of the Manifest, published, in accordance with Malaysian law and policy. The Manifest, Exhibit 1, was written by Malaysia Airlines and published by the same. Although the manifest is not signed, "[t]here is no requirement in Rule 902(3) that the document itself be signed." *United States v. Deverso*, 518 F.3d 1250, 1255 (11th Cir. 2008) (quoting *United States v. Squillacote*, 221 F.3d 542, 562 (4th Cir. 2000)).

The Certifications and the Questionnaire, Exhibits 2 and 3, were drafted, signed, and sent to the families of Muktesh Mukherjee and Xiaomo Bai, respectively, by Malaysia Airlines officials. Both the Certifications and the Questionnaire will be made available for review by any interested party. Further, the Certifications and the Questionnaire contain information that has been widely publicized by Malaysia Airlines. Namely, the Manifest includes Muktesh Mukherjee and Xiaomo Bai among the names of the passengers confirmed to be on board MH370 and the commitments to compensate the families of the passengers on board MH370 were made public by Malaysia Airlines. Thus, all documents at issue in this Motion were executed, and in the case of the Manifest, published, by the appropriate government agents.

WHEREFORE, Petitioner prays this Honorable Court admit into evidence Exhibits 1 through 3 for purposes of Petitioner's Petition for Probate of Will and For Letters of Administration With Will Annexed Upon Presumption of Death.

DATED this 29th day of July, 2014.

                                             *[signature]*
                                             Richard A. Campbell
                                             Gina E. Oderda
                                             Mayer Brown LLP
                                             71 South Wacker Drive
                                             Chicago, IL 60606
                                             Telephone: (312) 782-0600
                                             Attorney No. 43948

                                             *Counsel for Petitioner*

710564232.1 14453092