# EXHIBIT 4

Letter Order,

*Papas v. Malaysian Airline System BHD*

### UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

August 29, 2005

**LETTER ORDER**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

**Re:** **Emmanuel Papas and Rula Papas v. Malaysian Airline System BHD, Port Authority of New York and New Jersey, Jane and John Does 1-15 and ABC Corp. 1-15.**
**Civil Action No. 05-2987 (JAP)**

Dear Parties:

Currently before the Court is Plaintiff's motion to remand this matter to state court. For the reasons that follow, Plaintiff's motion is DENIED.

Emmanuel and Rula Papas ("Plaintiffs") filed a three-count complaint on May 4, 2005 in the Superior Court of New Jersey, Law Division, Middlesex County, seeking damages for an injury Emmanuel Papas suffered while working at Newark International Airport, under the employ of T.S.A. Homeland Security. On May 30, 2004, while screening luggage for a Malaysian Airlines flight, Mr. Papas allegedly suffered permanent physical injury when he lifted an extremely heavy piece of luggage that failed to contain a "heavy item" designation. Counts I and II sound in negligence against Malaysian Airline System BHD ("MAS") and the Port Authority, respectively, and Count III seeks loss of companionship for Mrs. Papas.

MAS filed a notice of removal to this Court on June 10, 2005 pursuant to 28 U.S.C. § 1441(d), with consent from the Port Authority. MAS certified receiving service of the original complaint on May 12, 2005, thus the removal was filed within the thirty-day time limit. Plaintiffs now seek to remand the case back to state court on the basis that removal was inappropriate under section 1441(d).

Pursuant to section 1441(d), a "civil action brought in a State Court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state. . . ." Section 1603 is contained in the Foreign Sovereign Immunities Act ("FSIA"), enacted by Congress to provide foreign governments immunity from suit in some circumstances, and afford them certain procedural safeguards in others, such as the right to remove cases to federal courts. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 207 (3d Cir. 2003). Plaintiffs argue that removal was improper in this particular

case because MAS failed to establish that it is a "foreign state" within the purview of the statute.

The FSIA defines a "foreign state" in section 1603(a) as an "agency or instrumentality of a foreign state as defined in subsection (b)." Subsection (b) defines an "agency or instrumentality of a foreign state" under a three-part analysis: (1) the entity must "be a separate legal person, corporate or otherwise," and (2) be "an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof," and (3) be "neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country."

Airlines can be considered an instrumentality of a foreign state for purposes of jurisdiction. *Ofikuru v. Nigerian Airlines, Ltd.*, 670 F. Supp. 89, 91 (S.D.N.Y. 1987) (removal proper under 1441(d) because the Federal Republic of Nigeria owned all of the airline's capital stock); *Shirobokova v. CSA Czech Airlines, Inc.*, 335 F. Supp. 2d 989, 991 (D. Minn. 2004) (holding that CSA Czech Airlines is an agency or instrumentality of the Czech Republic for purposes of 1603(a)). The first and third prerequisites are easily established in this case. MAS is a separately incorporated entity, formed under the laws of Malaysia. (Declaration of Rizani Bin Hassan ("Hassan Dec."), ¶ 3). MAS is not a citizen of any state in the United States under 28 U.S.C. § 1332(c) or (d), and was not created under the laws of any third country.

The more difficult question is presented under section 1603(b)(2), which requires that MAS be "an organ of a foreign state" or be owned by the foreign state (either by owning a majority of shares or "other ownership interest"). The statute does not define "organ," but the case law provides ample guidance. According to the Third Circuit, "for an entity to be an organ of a foreign state it must engage in public activity on behalf of the foreign government." *USX Corp.*, 345 F.3d at 208. "In determining whether a foreign state is engaged in public activity, courts have stated that broad interpretation is appropriate." *Shirobokova*, 335 F. Supp. 2d at 991.

The court in *USX Corp.* considered a variety of factors in its "organ" analysis, with no one factor determinative, including: the circumstances surrounding the entity's creation, the purpose of its activities, the degree of government supervision, the level of government financial support, the entity's obligations and privileges under the foreign state's laws, and the ownership structure of the entity. 345 F.3d at 209.

In this case, the Declaration of Rizani Bin Hassan, Secretary/General Counsel for MAS, clearly establishes that MAS is an organ of Malaysia. MAS is the national air carrier for Malaysia. When the airline was incorporated in 1971, the Government of Malaysia was vested with the Special Rights Redeemable Preference Share which allows the country's Prime Minister to appoint the Chairman of the airline's Board of Directors and a director from the Ministry of Finance. (Hassan Dec., ¶ 4). High ranking officials from Malaysian states also serve on the board. (*Id.*). The Prime Minister also appoints the Managing Director, the airline's most senior executive operational position. (Hassan Dec., ¶ 5). The government essentially controls MAS's operations via policy decisions and the right to veto any board decisions. (Hassan Dec., ¶¶ 6-7). Moreover, MAS is

required to provide domestic transportation throughout Malaysia; the government even sets the rates and fares and reimburses MAS for fiscal losses. (Hassan Dec., ¶ 8). Similarly, the government requires MAS to operate international routes. (Hassan Dec., ¶ 9). Finally, the government owns a majority of ordinary shares, it finances all of the airline's commercial aircraft, and it is a component of Malaysia's national defense system. (Hassan Dec., ¶¶ 10-12).

Based on Mr. Hassan's representations, no doubt exists that MAS is an "organ" of Malaysia, and is therefore an "agency or instrumentality" of a foreign state sufficient to bring it within the purview of 28 U.S.C. § 1603. Accordingly, MAS properly availed itself of the removal provisions under section 1441(d), and this Court maintains original jurisdiction over actions against a foreign state pursuant to 28 U.S.C. § 1330. The Court finds that this case is properly before it, and Plaintiff's motion to remand is therefore **DENIED**.

**SO ORDERED**.

s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.