C

Form 33
Rule 16.32

## Amended Defence



No.   NSD252 of 2016

Federal Court of Australia
District Registry: New South Wales
Division: General

**KAYLENE MARGARET MANN** as Executor of the Estate of the Late Rodney James Burrows and others listed in the Schedule

Applicants

**MALAYSIAN AIRLINE SYSTEM BERHAD**

Respondent

In response to the Amended Statement of Claim filed 7 March 2016 the Respondent:

1. Admits paragraph 1.

2. In answer to paragraph 2 the Respondent:

    2.1   admits that the Third, Fourth and Fifth Applicants are the children of Rodney James Burrows and Mary Caroline Burrows ("Passengers"); and

    2.2   does not know and therefore cannot admit the balance of the paragraph.

3. Admits paragraph 3.

4. In answer to paragraph 4 the Respondent says that:

    4.1   on or about 25 May 2015, pursuant to an appointment carried out in accordance with Section 5(1) of the Malaysian Airline System Berhad (Administration) Act 2015 (Malaysia) an Administrator was appointed to the Respondent; and

    4.2   denies the balance of the paragraph.

5. Admits paragraph 5.

| Filed on behalf of (name & role of party) | Respondent Malaysian Airline System Berhad |
|---|---|
| Prepared by (name of person/lawyer) | Mark Gray-Spencer |
| Law firm (if applicable) | GSG Legal |
| Tel (02) 8599 1350 | Fax (02) 8599 1359 |
| Email | markgrayspencer@gsglegal.com.au |
| Address for service (include state and postcode) | 15/338 Pitt St Sydney NSW 2000 |

[Form approved 01/08/2011]

jal:160001_153.doc

PLAINTIFFS' EXHIBIT
NO. 4

6. Admits paragraph 6 and further says that each Passenger had a separate contract of carriage with the Respondent.

7. Admits paragraph 7.

8. Admits paragraph 8.

9. In answer to paragraph 9 the Respondent:

    9.1 does not know and therefore cannot admit the allegation that "*at a place unknown the Flight crashed*"; and

    9.2 admits the balance of the paragraph.

10. In answer to paragraph 10 the Respondent:

    10.1 admits that that the Passengers are assumed to have died as a result of an accident within the meaning of Article 17 of the *1999 Montreal Convention* ("MC"); and

    10.2 does not know and therefore cannot admit the balance of the paragraph.

11. Admits paragraph 11.

12. Admits paragraph 12.

**Estate claims by the First and Second Applicants**

13. In answer to paragraph 13 the Respondent repeats its pleadings relied upon in paragraphs 1 to 3 and 6 to 12 of this Amended Defence.

14. In answer to paragraph 14 the Respondent:

    14.1 admits that subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 below the First Applicant has a claim against the Respondent for the benefit of the Passenger Rodney James Burrows' Estate and that claim is governed by the MC; and

    14.2 admits that subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 below the Second Applicant has a claim against the Respondent for the benefit of the Passenger Mary Caroline Burrows' Estate and that claim is governed by the MC.

15. In answer to paragraph 15 the Respondent:

15.1 denies paragraph 15 and relies upon subparagraphs 15.2 to 15.86 below:

15.2 says the First and Second Applicants are only entitled to compensatory damages for actual loss and damage suffered subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Amended Defence and there is no automatic entitlement to damages in the sum of 113,100 Special Drawing Rights ("SDRs") in Australian dollar currency;

15.3 says that the damages available to the First and Second Applicants are to be assessed by ascertaining the net pecuniary loss to the Passengers' Estates from their assumed deaths, and that in assessing the damages available to the First and Second Applicants the Court should take into account matters including the following:

 (a) reasonable funeral/cremation/burial expenses;

 (b) reasonable hospital or medical expenses relating to the death or injury of the Passengers;

 (c) reasonable out-of-pocket expenses;

 (d) any loss of services from the Passengers capable of being valued in pecuniary terms; and

 (e) any loss of the reasonable expectation of future financial benefits or services from the Passengers.

15.4 says that the First and Second Applicants' damages are to be assessed, as applicable, in accordance with the provisions of:

 (a) the MC;

 (b) the *Civil Aviation (Carriers' Liability) Act* (Cth) 1959 as amended ("CACL");

 (c) the *Compensation to Relatives Act* (NSW) 1897 or in the alternative the *Civil Proceedings Act* (Qld) 2011;

 (d) the *Civil Liability Act* (NSW) 2002 or in the alternative the *Civil Liability Act* (Qld) 2003; and

 any other applicable domestic legislation governing compensation in relation to proceedings brought by the Estate of a deceased.

15.5   says that the First and Second Applicants are not entitled to recover damages relating to any non-pecuniary loss; <u>and</u>

15.6   says that the First and Second Applicants are limited to one cause of action against the Respondent under the MC in respect of the death of each Passenger;~~,~~

15.7   ~~says that the First and Second Applicants are entitled to damages they prove in accordance with the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Defence up to a limit of 113,100 SDRs per Passenger;~~ and

15.8   ~~the Respondent will seek to rely on Article 21(2) MC and further says that the Applicants are not entitled to damages exceeding 113,100 SDRs per Passenger if such damage is not due to the negligence or other wrongful act or omission of the Respondent or its servants or agents, or the damage was solely due to the negligence or other wrongful act or omission of a third party.~~

16. In answer to paragraph 16 the Respondent admits that the First and Second Applicants are entitled to provable damages subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this <u>Amended</u> Defence<u>.</u> ~~and further says that the limit under Article 21(1) of the MC of 113,100 SDRs includes any entitlement on the part of the First and Second Applicants to interest.~~

**Claims by the Passengers' Family – Third, Fourth, Fifth, Sixth and Seventh Applicants**

17. Denies paragraph 17 and further says that the Third, Fourth, Fifth, Sixth and Seventh Applicants ("Passengers' Family") are not entitled to bring a claim under the MC for nervous shock and consequential economic loss and/or the Passengers' Family are not entitled to bring a claim at common law for nervous shock and consequential economic loss or any other relief.

    <u>Particulars</u>

17.1   The Applicants have stated in letters from their solicitors providing further and better particulars dated 17 June 2016 (First to Fifth Applicants) and 7 July 2016 (Sixth and Seventh Applicants) that the Third to Seventh Applicants' claims include a claim for damages including nervous shock and consequential economic loss pursuant to the MC and/or by reference to common law principles;

17.2 The liability imposed on the Respondent by Articles 17 and 21 of the MC (which has the force of law in Australia pursuant to the CACL) provides the exclusive remedy for claims in respect of death or injury, including claims for psychological injury or nervous shock, arising from the carriage of a passenger to which the MC applies;

17.3 S.9D(2) of the CACL excludes any liability on the part of the Respondent, other than liability imposed under Articles 17 and 21 of the MC, to any person for death of the Passenger or in respect of injury that has resulted in the death of the Passenger, that occurs during carriage to which the MC applies;

17.4 Any nervous shock claims and/or claims in negligence against the Respondent do not fall within the scope of the Respondent's liability outlined in Articles 17 and 21 of the MC and are therefore not compensable;

17.5 The Respondent relies upon the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Defence;

17.6 Further or in the alternative, if the Applicants are entitled to bring a nervous shock claim against the Respondent (which is denied), the MC applies to that claim (subject to the matters set out in paragraphs 17.6(a) to 17.6(d) below and in paragraphs 15, 16, 17, 26, 27 and 28 of this Amended Defence).

  (a) Article 17 of the MC permits the recovery of compensation only for legally cognizable harm but leaves the specification of what harm is legally cognizable to the domestic law applicable in the forum where any such proceedings are commenced;

  (b) any damages to which the Applicants are entitled are to be assessed in accordance with, as applicable, the provisions of:

    (i) the MC;

    (ii) the CACL;

    (iii) the *Civil Liability Act* (NSW) 2002 or in the alternative the *Civil Liability Act (Qld) 2003*; and

      any other applicable domestic legislation governing compensation for nervous shock.

    (c)    Article 29 of the MC provides that any claim for damages however founded can only be brought subject to the conditions and such limits of liability as set out in the MC; and

    (d)    the Applicants are limited to one cause of action against the Respondent under the MC in respect of the death of each Passenger.

18. In answer to paragraph 18 the Respondent:

    18.1    admits that that the Passengers are assumed to have died as a result of an accident within the meaning of Article 17 of the MC; and

    18.2    admits that the Respondent is liable for damages as a result of that accident subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Amended Defence; and

    18.3    otherwise denies the paragraph.

19. Denies paragraph 19.

20. Denies paragraph 20 and the Respondent repeats paragraphs 15 and 17 above.

21. Denies paragraph 21.

22. Denies the Third, Fourth, Fifth, Sixth and Seventh Applicants' claim for damages, interest and costs in paragraph 22 of the Amended Statement of Claim subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Amended Defence.

23. In answer to paragraph 23 the Respondent:

    23.1    admits that the Contract contains a clause 16.2.1; and

    23.2    denies the balance of the paragraph. ~~and~~

    23.3    ~~further says that upon a proper construction of clause 16.2.1, the Respondent is not prevented from relying upon any limitation of liability under the MC.~~

24. In answer to paragraph 24 the Respondent:

    24.1    admits that the MC applies subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Amended Defence; and

    24.2    admits that it is liable for damages subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this Amended Defence.

25. In answer to paragraph 25 the Respondent admits that it is liable for provable damages subject to the matters pleaded in paragraphs 15, 16, 17, 26, 27 and 28 of this <u>Amended</u> Defence.

**Respondent's further answer to the Amended Statement of Claim as a whole in relation to the application of the MC**

26. Further, the Respondent says that:

    26.1 pursuant to s. 9D of the CACL, any claim brought to enforce the liability of the Respondent under the MC must be brought by the personal representative of each Passenger or by any person for whose benefit the liability is enforceable but only one action may be brought in respect of each Passenger for the benefit of all persons for whose benefit the liability is enforceable; and

    26.2 therefore the multiple claims pleaded in the Amended Statement of Claim are not maintainable and there should only be one Applicant per Passenger.

27. Further, the Respondent says that if the First and/or Second and/or Third and/or Fourth and/or Fifth and/or Sixth and/or Seventh Applicant are able to recover provable damages from the Respondent under Article 17 of the MC those damages are limited to damages for "bodily injury" in accordance with Article 17 of the MC.

28. In relation to the question of costs the Respondent:

    28.1 says that there should only be one solicitor on the record for all of the Applicants; and

    28.2 further or in the alternative if the Respondent is ordered to pay any costs then it should only be liable for one set of costs.

<u>29    Further, the Respondent says that the sum of United States $100,000 should be deducted from any damages awarded to the Applicants.</u>

<u>**Particulars**</u>

   (a) <u>On 25 July 2014 the Third, Fourth and Fifth Applicants signed a document "Receipt and Release Advance Compensation Payment" in respect of their mother Mary Burrows ("the Mary Burrows Advance Payment");</u>

   (b) <u>It was a term of the Mary Burrows Advance Payment that the Third, Fourth and Fifth Applicants acknowledged receipt of the sum of United</u>

States $50,000 from the Respondent that sum being an advance compensation payment in respect of any claim arising out of the disappearance of MH370 in respect of Mary Burrows;

(c) It was a term of the Mary Burrows Advance Payment that the advance payment made will be taken into account in the event of any liability against the Respondent being agreed or established;

(d) On 25 July 2014 the Third, Fourth and Fifth Applicants signed a document "Receipt and Release Advance Compensation Payment" in respect of their father Rodney Burrows ("the Rodney Burrows Advance Payment");

(e) It was a term of the Rodney Burrows Advance Payment that the Third, Fourth and Fifth Applicants acknowledged receipt of the sum of United States $50,000 from the Respondent that sum being an advance compensation payment in respect of any claim arising out of the disappearance of MH370 in respect of Rodney Burrows;

(f) It was a term of the Rodney Burrows Advance Payment that the advance payment made will be taken into account in the event of any liability against the Respondent being agreed or established.

Date: 11th November 2016

_____
Signed by Mark Gray-Spencer
Solicitor for the Respondent

This pleading was prepared by Mark Gray-Spencer, lawyer

9

## Certificate of lawyer

I Mark Gray-Spencer certify to the Court that, in relation to the Amended dDefence filed on behalf of the Respondent, the factual and legal material available to me at present provides a proper basis for:

(a) each allegation in the pleading; and
(b) each denial in the pleading; and
(c) each non admission in the pleading.

Date: 11th November 2016

_____
Signed by Mark Gray-Spencer
Lawyer for the Respondent