IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON MARCH 8, 2014

This Document Relates To:
1:16-cv-01149-KBJ: *Wood v. The Boeing Company*;
1:16-cv-01128-KBJ: *Li v. The Boeing Company*;
1:16-cv-01129-KBJ: *Xiao v. The Boeing Company*;
1:16-cv-01130-KBJ: *Gao v. The Boeing Company*;
1:16-cv-01131-KBJ: *Feng v. The Boeing Company*;
1:16-cv-01132-KBJ: *Wang v. The Boeing Company*;
1:16-cv-01134-KBJ: *Wang v. The Boeing Company*;
1:16-cv-01135-KBJ: *Pang v. The Boeing Company*;
1:16-cv-01136-KBJ: *Liang v. The Boeing Company*;
1:16-cv-01137-KBJ: *Hu v. The Boeing Company*;
1:16-cv-01138-KBJ: *Zhou v. The Boeing Company*;
1:16-cv-01139-KBJ: *Hu v. The Boeing Company*;
1:16-cv-01140-KBJ: *Wang v. The Boeing Company*;
1:16-cv-01143-KBJ: *Kolekar v. The Boeing Company*;
1:16-cv-01144-KBJ: *Tian v. The Boeing Company*;
1:16-cv-01145-KBJ: *Li v. The Boeing Company*;
1:16-cv-01146-KBJ: *Shirath v. The Boeing Company*;
1:16-cv-01147-KBJ: *Jia v. The Boeing Company*;
1:16-cv-01151-KBJ: *Santhanam v. The Boeing Company*;
1:16-cv-01152-KBJ: *Huang v. The Boeing Company*;
1:16-cv-01153-KBJ: *Kolekar v. The Boeing Company*;
1:16-cv-01159-KBJ: *Kanan v. The Boeing Company*;
1:16-cv-01161-KBJ: *Han v. The Boeing Company*;
1:16-cv-01164-KBJ: *Zhang v. The Boeing Company*;
1:16-cv-01165-KBJ: *Chen v. The Boeing Company*;
1:16-cv-01166-KBJ: *Kolekar v. The Boeing Company*;
1:16-cv-01167-KBJ: *Weeks v. The Boeing Company*;
1:16-cv-01306-KBJ: *Zhang v. The Boeing Company*;
1:16-cv-01307-KBJ: *Yuan v. The Boeing Company*;

MDL Docket No: 2712

Misc. No. 16-1184 (KBJ)

133751292.2

**PLAINTIFFS' EXHIBIT NO. 7**

## DEFENDANT THE BOEING COMPANY'S ANSWERS TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant The Boeing Company ("Boeing") submits these answers and objections to Plaintiffs' First Set of Interrogatories to Defendant The Boeing Company.

### GENERAL OBJECTIONS

1. Boeing objects to these interrogatories to the extent they exceed the scope of discovery permitted under the Court's July 21, 2016 Scheduling Order. Forum non conveniens is not a determination of the merits and discovery on the motion should be limited to the location of relevant evidence and not the substance or merits of the proof. As the U.S. Supreme Court has recognized, "[r]equiring extensive investigation would defeat the purpose of [a forum non conveniens] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 267 (1981). Consequently, forum non conveniens discovery is "limited to the *location* of the important sources of proof." *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 450-51 (2d Cir. 1975) (emphasis added). Accordingly, Boeing restricts its responses to the location of potentially relevant evidence and witnesses.

2. Boeing objects to these requests as overly broad, unduly burdensome, and harassing. Although the Malaysian ICAO Annex 13 Safety Investigation Team for MH370 has not issued its final report, the information released to date by that team does not support a claim that a defect or malfunction in the Subject Aircraft caused it to crash. Accordingly, plaintiffs do not have a good faith factual basis to assert a product liability claim. Indeed, the plaintiffs state in their proposed Consolidated Amended Complaint that they "cannot point to any specific defect in [the] design or manufacture" of the subject aircraft. Consolidated Amended Complaint ¶ 178. Because plaintiffs do not have a reasonable basis for asserting that the aircraft systems identified in their interrogatories caused MH370 to crash, interrogatories seeking information about those

2

systems are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

3. The only systems or components of the subject aircraft referenced in the portion of the Plaintiffs' Consolidated Amended Complaint concerning the alleged cause of the accident are the Aircraft Communications Addressing and Reporting System ("ACARS") and the Mode S Transponder. Consolidated Amended Complaint ¶¶ 168-69. Boeing objects to these interrogatories to the extent they seek information about systems/components other than the ACARS and Mode S Transponder used in the subject aircraft. Requests for information regarding systems/components other than the ACARS or Mode S Transponder are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Boeing objects to these interrogatories to the extent they seek information related to the on-going investigation of the MH370 disappearance. When the location of an incident or accident cannot be specifically identified as being in the territory of any State, the State of the aircraft's registry is responsible for the official investigation. Malaysian authorities are therefore responsible for leading the investigation of Flight 370. In accordance with Annex 13, the United States, which participates in the investigation as the state of manufacture and design of the accident airplane, appointed an Accredited Representative from the National Transportation Safety Board ("NTSB"), which in turn appointed Boeing as a technical advisor. The role of the Accredited Representatives and their technical advisors is to assist the Malaysian ICAO

Annex 13 Safety Investigation Team for MH370, which has control and authority over the accident investigation. International Civil Aviation Organization Annex 13 states that accredited representatives to an investigation and their advisors "shall not divulge information on the progress and the findings of the investigation without the express consent of the State conducting the investigation." ICAO Annex 13 § 5.26(b). Accordingly, federal courts have stayed discovery where, as here, the defendant did not have authorization from the foreign investigating authority to disclose information. *E.g.*, *McNelis v. Boeing Co.*, No. 98 Civ. 4223 LMM, 1998 WL 887249, at *1 (S.D.N.Y. Dec. 18, 1998).

5.    Boeing objects to these requests to the extent that the requests seek information privileged under the attorney-client privilege.

6.    Boeing objects to these requests to the extent that the requests seek work product or trial preparation materials, which is protected from disclosure under Federal Rule of Civil Procedure 26(b)(3).

7.    Boeing objects to these discovery requests to the extent that they purport to require Boeing to review each and every document contained in all of its files (including electronic files) and to interview every agent and employee of Boeing to determine if they may have information or documents responsive to one of the discovery requests. Such a requirement imposes upon Boeing an undue burden and expense not commensurate with plaintiffs' legitimate discovery needs, and seeks discovery beyond that reasonably calculated to lead to the discovery of admissible evidence. Boeing has undertaken a reasonable search to obtain information enabling it to respond to Plaintiffs' interrogatories. Further, Boeing's responses are limited to the locations of Boeing documents and Boeing witnesses.

133751292.2

## ANSWERS AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:** Provide the name and address of the individual answering these Interrogatories.

**ANSWER:** These are the corporate responses of The Boeing Company. These answers have been verified by Eric S. Bang, who works and resides in the State of Washington. Perkins Coie LLP, counsel for Boeing, assisted in the preparation of these answers. To the extent this interrogatory seeks additional or different information, Boeing objects to it as seeking information that is protected from disclosure by the attorney-client privilege and the work product doctrine.

**INTERROGATORY NO. 2:** Identify the location(s) of all individuals involved in the certification, design, or manufacture of the Subject Aircraft.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding the location of individuals involved with parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "all individuals involved in the certification, design, and manufacture of the Subject Aircraft" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities in connection with the certification of 777 aircraft, including the Subject Aircraft, and Boeing's activities in connection with the design and assembly of 777 aircraft, including the Subject Aircraft, are based in the State of Washington, as are the employees involved in those activities.

5

**INTERROGATORY NO. 3:** Identify the location(s) of where the Subject Aircraft was designed, manufactured, certified and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified and/or installed" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 2.

**INTERROGATORY NO. 4:** Identify the location(s) of all individuals involved in the certification, design, or manufacture of the Boeing 777.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding the location of individuals involved with parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "all individuals involved in the certification, design, or manufacture of the Boeing 777" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 2.

133751292.2

**INTERROGATORY NO. 5:** Identify where the Boeing 777 was designed, manufactured, certified and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified and/or installed" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 2.

**INTERROGATORY NO. 6:** Identify the location (s) of documents, memoranda, drawings relating to the certification, design, manufacture of the Boeing 777's ACARS system.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "relating to the certification, design, manufacture" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to certification, design, and manufacture of 777 ACARS systems, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

**INTERROGATORY NO. 7:** Identify where precisely the 777's ACARS system was designed, manufactured, certified, and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified, and/or installed" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to the design, manufacture, certification, and/or installation of 777 ACARS systems, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

**INTERROGATORY NO. 8:** Identify where the 777's Mode S transponder system was designed, manufactured, certified, and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified, and/or installed" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to the design, manufacture, certification, and/or installation of 777 Mode S transponder systems, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

**INTERROGATORY NO. 9:** Identify the location(s) of documents, memoranda, drawings relating to the certification, design, manufacture of the Boeing 777's Mode S Transponder system.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "relating to the certification, design, manufacture" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 8.

**INTERROGATORY NO. 10:** Identify the location(s) of documents, memoranda, drawings relating to the certification, design, manufacture of the Boeing 777's Automatic Dependent Surveillance-Broadcast ("ADS-B") system.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "relating to the certification, design, manufacture" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to the certification, design, and/or manufacture of 777 ADS-B systems, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

**INTERROGATORY NO. 11:** Identify where the 777's ADS-B transponder system was designed, manufactured, certified, and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified, and/or installed" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 10.

**INTERROGATORY NO. 12:** Identify where the 777's In-Flight Entertainment system was designed, manufactured, certified, and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified, and/or installed" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to the design, manufacture, certification, and/or installation of 777 In-Flight Entertainment systems, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

133751292.2

**INTERROGATORY NO. 13:** Identify the location(s) of all documents, memoranda, drawings relating to the certification, design, manufacture of the Boeing 777's In-Flight Entertainment system.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "relating to the certification, design, manufacture" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 12.

**INTERROGATORY NO. 14:** Identify the location(s) of all documents, memoranda, drawings relating to the certification, design, manufacture of the Boeing 777's Emergency Locator Transmitters ("ELTs").

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "relating to the certification, design, manufacture" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to the certification, design, and/or manufacture of 777 ELTs, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

133751292.2

**INTERROGATORY NO. 15:** Identify where the 777's Emergency Locator Transmitters ("ELTs") were designed, manufactured, certified, and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified, and/or installed" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 14.

**INTERROGATORY NO. 16:** Identify the location(s) of all documents, memoranda, drawings relating to the certification, design, manufacture of the Boeing 777's Underwater Locator Beacons ("ULBs").

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "relating to the certification, design, manufacture" as vague and undefined. Subject to and without waiving these objections, Boeing states that Boeing's activities with respect to the certification, design, and/or manufacture of 777 ULBs, as well as related documents, are based in the State of Washington, as are the employees involved in those activities.

**INTERROGATORY NO. 17:** Identify where the 777's Underwater Locator Beacons ("ULBs") were designed, manufactured, certified, and/or installed.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "designed, manufactured, certified, and/or installed" as vague and undefined. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 16.

**INTERROGATORY NO. 18:** Please identify whether Boeing retains the ability to monitor the performance of its airplanes and their component parts, either during or after flight, after they are sold to airlines? If so, please explain whether Boeing continued to monitor the performance of the Subject Aircraft and its component parts after it was sold to Malaysia Airlines? If so, please identify the location(s) (including address) where such information relating to the performance of the Subject Aircraft and its component parts was, reviewed, analyzed, and maintained.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "monitor the performance" as vague and undefined; Boeing interprets this interrogatory as referring to the Airplane Health Management ("AHM") program and limits its response accordingly. Subject to and without waiving these objections, Boeing states that its activities relating to AHM for 777 aircraft are based in the State of Washington, as are the employees involved in those activities and the documents relating to

13

those activities. Boeing's primary servers that store AHM data are located in Washington, with backup servers in Missouri.

**INTERROGATORY NO. 19:** If the information on the performance of the Subject Aircraft and its component parts (as described in INTERROGATORY NO. 18) was sent electronically, identify the location of the servers that store this information.

**ANSWER:** Boeing incorporates General Objection Nos. 1, 2, 3, and 7. The plaintiffs concede that they cannot point to a defect in the Subject Aircraft, and requests for information regarding parts, systems, and components that are not alleged to be defective are overly broad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Boeing further objects to the phrase "monitor the performance" from Interrogatory No. 18 and incorporated here as vague and undefined; Boeing interprets this interrogatory as referring to the Airplane Health Management ("AHM") program and limits its response accordingly. Subject to and without waiving these objections, see Boeing's response to Interrogatory No. 18.

**INTERROGATORY NO. 20:** Do you believe that any other party is responsible for the subject accident and, if so, please explain who is responsible and how.

**ANSWER:** Boeing incorporates General Objection No. 4 and further objects that this interrogatory is premature. Merits-based discovery has not commenced. Subject to and without waiving these objections, Boeing denies that it is responsible for the subject accident. No information released to date by the Malaysian ICAO Annex 13 Safety Investigation Team for MH370 supports a conclusion Boeing is responsible for the subject accident.

Dated: December 12, 2016.

_[signature]_

John D. Dillow
Eric B. Wolff
Mack H. Shultz
Perkins Coie LLP
1201 3rd Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000
JDillow@perkinscoie.com
EWolff@perkinscoie.com
MShultz@perkinscoie.com

Attorneys for The Boeing Company

## VERIFICATION

My name is Eric S. Bang. I am the acting Director of Product Safety for the Boeing Commercial Airplane Group, a division of The Boeing Company ("Boeing"). I am authorized to make this verification for and on behalf of Boeing. The factual allegations contained in Defendant The Boeing Company's Answers to Plaintiffs' First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I do not have personal knowledge of all of the facts recited in the answers. The information contained in the answers, however, has been collected and made available to me by others. Based on my review of the answers, they are true and correct to the best of my knowledge and belief.

DATED this 9TH day of December, 2016 at Everett, Washington.

_____
Eric S. Bang

16

133751292.2

## CERTIFICATE OF SERVICE

On December 12, 2016, pursuant to Fed. R. Civ. P. 5 and LCvR 5.3, a true and correct copy of the foregoing document was sent via U.S. Mail, postage paid, and electronic mail to the counsel of record at the address listed below:

Steven C. Marks
Roy K. Altman
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
smarks@podhurst.com
raltman@podhurst.com

*Attorney for Plaintiffs*

                                     s/Mack H. Shultz
                                     Mack H. Shultz