IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON MARCH 8, 2014<br><br>**This Document Relates To:**<br>**ALL CASES** | MDL Docket No: 2712<br>Misc. No. 16-1184 (KBJ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

At the hearing on its motion to dismiss the Amended Complaint on the grounds of *forum non conveniens*, Boeing's counsel stood up in rebuttal to, in his words, address an "unfair argument" by Plaintiffs' counsel. Tr. of Hearing on Defs.' Mot. to Dismiss, at 66:10. That argument, Boeing's counsel said, was the Plaintiffs' suggestion that the ICAO investigation into the causes of Flight MH370's disappearance had been closed. *Id*. at 64-66. Far from closing without any conclusions about what might have happened to Flight MH370—as Plaintiffs' counsel had suggested—Boeing's counsel insisted that the investigation was ongoing and that a "final" report revealing the true causes of the disappearance would be released by the ICAO before the end of the year. *Id*. at 65. This fact—the publication before the end of the year of the ICAO's impending "final" report on the causes of the disappearance—was, in Boeing's counsel's words, "very, very, very important" to the Court's determination of the issues. *Id*. at 64:18-19. Indeed, Boeing's counsel went on, this "was the most important thing" he wanted to address in his rebuttal argument on the viability of his motion to dismiss. *Id*. at 66:15-16.

The Plaintiffs hereby notify the Court that, despite Boeing's counsel's representations, no such "final" report was published before the end of the year. Indeed, as of this writing, the ICAO investigation has published not a single statement about the causes of Flight MH370's

disappearance—nor has it ever pointed to any evidence in Malaysia that is likely to be relevant to the specific product liability claims the Plaintiffs have made against Boeing in this case. *See Lueck v. Sundstrand Corp.*, 236 F. 3d 1137, 1146 (9th Cir. 2001) ("We have said previously that a court's focus should not <u>rest on the number of witnesses or quantity of evidence</u> in each locale. Rather, a court should evaluate <u>the materiality and importance</u> of the anticipated [evidence and] witnesses' testimony and then determine[] their accessibility and convenience to the forum.") (emphasis added).

The ICAO's failure to publish its "final" report before the end of the year is unsurprising. After all, no one in Malaysia has any clue—let alone any evidence—about what actually happened to Flight MH370. In this respect, we note again that the Defendants—and not the Plaintiffs—bear the burden here of making "a *clear* showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009) (quotation marks omitted). Accordingly, a defendant moving for *forum non conveniens* dismissal bears the "heavy burden" of demonstrating that "the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 & 1227 (9th Cir. 2011); *accord Vorbiev v. McDonnell Douglas Helicopters, Inc.*, 2009 WL 1765675, at *1 (N.D. Cal. June 18, 2009) (whether or not the plaintiff is a resident of the forum, "a defendant's burden in moving to dismiss based on *forum non conveniens* is quite high"). Given the significance that Boeing's counsel attached to the findings of a "final" report that never materialized—a final report that *could not* materialize precisely because the Malaysian government *has no* relevant evidence about the causes of

MH370's disappearance—the Plaintiffs submit that the Defendants have failed to meet their "heavy burden" here.

Dated:  January 11, 2018

                                                                                           Respectfully Submitted,

                                                                                           PODHURST ORSECK, P.A.

                                                                                           */s/   Roy K. Altman*
                                                                                           Steven C. Marks, Esq.
                                                                                           DC Bar No.: FL0004
                                                                                           FL Bar No. 516414
                                                                                           smarks@podhurst.com
                                                                                           Roy K. Altman, Esq.
                                                                                           FL Bar No. 116885
                                                                                           raltman@podhurst.com
                                                                                           One SE 3rd Avenue, 2700
                                                                                           Miami, FL 33131
                                                                                           (305) 358-2800
                                                                                           *Counsel for Plaintiffs*