**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON MARCH 8, 2014 |
| This Document Relates To: ALL CASES |

MDL Docket No:  2712
Misc. No. 16-1184 (KBJ)

**THE PLAINTIFFS' RESPONSE TO THE BOEING COMPANY'S NOTICE OF**
**SUPPLEMENTAL AUTHORITY RE: SAFETY INVESTIGATION REPORT**

The Plaintiffs hereby respond to Defendant The Boeing Company's Notice of
Supplemental Authority re: Safety Investigation Report. Boeing contends that the final report of
the Malaysian government's civil investigation into the disappearance of MH370 "tips the scales"
towards dismissal on *forum non conveniens* grounds. The report does no such thing. If anything,
it demonstrates, again, that Boeing cannot establish that the private and public factors favor
Malaysia.

- To the extent the report suggests, as Boeing argues, that the disappearance of
  MH370 was not due to a mechanical or system failure, the report does not absolve
  Boeing of liability and should not affect this Court's analysis because the report
  explicitly says that it is not intended to "apportion blame or liability," Report at xx,
  and because any purported conclusions in the report would be inadmissible anyway.

- More importantly, the report itself states that the investigation was "unable to
  determine the real cause for the disappearance of MH370." Report at 443. That

concession, and the fact that the investigation is now over, strongly supports the Plaintiffs' argument that there is no evidence in the possession of the Malaysian authorities that identifies any cause of the disappearance—an absence that severely undermines Boeing's suggestion that the case should be tried there.

- The report reinforces the notion that Boeing has failed to carry its burden of demonstrating that Malaysia is a more adequate forum in other ways. First, the report identified multiple countries and transportation authorities with knowledge of the investigation and the facts surrounding the incident, including the United States and its National Transportation Safety Board. Second, it identified at least one United States-based private entity involved in the search. Third, it presented no new information about the location of witnesses and documents—which are scattered throughout the world, including the United States.

- Finally, this Court should reject Boeing's argument that it cannot sue potentially liable Malaysian entities in the United States. For one, Boeing can sue them in Malaysia. For another, if Boeing intended to sue any Malaysian entity, it would have done so years ago.

In sum, the report reinforces what everyone already knew: that entities and persons from all around the world, including United States-based individuals such as past Boeing engineers, are crucial to adjudicating this case. Nothing in the report demonstrates that Malaysia is a more favorable forum than the United States. Because the Defendants have failed to carry their heavy burden of displacing the Plaintiffs' selected forum, this Court should deny the Defendants' motion to dismiss for *forum non conveniens*. ECF No. 37.

Dated:  August 16, 2018

Respectfully Submitted,

PODHURST ORSECK, P.A

 /s/  Roy K. Altman

Steven C. Marks, Esq.
DC Bar No.: FL0004
FL Bar No. 516414
smarks@podhurst.com
Roy K. Altman, Esq.
FL Bar No. 116885
raltman@podhurst.com
One SE 3rd Avenue, 2700
Miami, FL 33131
(305) 358-2800
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on August 16, 2018, pursuant to Fed. R. Civ. P. 5 and LCvR5.3, a true and correct copy of the **THE PLAINTIFFS' RESPONSE TO THE BOEINGOMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: SAFETY INVESTIGATION REPORT** was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the e-mail addresses on file with the Court.

*/s/  Roy K. Altman*
Roy K. Altman